846 P.2d 224

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Allen JOHNSTON, Defendant–Appellant.**

**Nos. 19650, 20037.**

Court of Appeals of Idaho.

Feb. 1, 1993.

---

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Public Defender, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

These appeals arise from a judgment of conviction entered upon a plea of guilty to grand theft. I.C. §§ 18–2403(1); 18–2407(1). The appellant, William Allen Johnston, was sentenced to the custody of the Board of Correction for a five-year term with two years required as the minimum period of confinement. I.C. § 19–2513. In addition, the district court entered an order

of restitution in favor of the victims. I.C. § 19–5304. Johnston raises three issues on this appeal, contending the district court abused its discretion: (1) by imposing an unreasonable sentence; (2) by denying Johnston's motion for reconsideration of the sentence; and (3) by denying Johnston's motion for relief from the order for restitution. Upon review, we conclude the court did not abuse its discretion as claimed, and we affirm the judgment, sentence and the order denying post-judgment relief.

## FACTS AND PROCEDURAL BACKGROUND

Johnston was charged by Information with four counts of grand theft. Through plea negotiations, he pled guilty to one count and, in return, the state requested dismissal of the remaining counts. The state also agreed to limit its sentencing recommendation to a five-year term, with two years' minimum confinement, and the state reserved the right to seek restitution of $39,000 for all victims. The district court accepted Johnston's plea of guilty. Following preparation of a presentence investigation report, the court sentenced Johnston to five years in the custody of the Board with two years fixed as the minimum period of confinement. The court also entered an order of restitution and civil judgment, in favor of the victims named in the Information, in the amount of $38,925.

Johnston filed timely notices of appeal both from the judgment of conviction and from the restitution order. He then filed a motion for relief from the order of restitution and civil judgment and a motion under I.C.R. 35 for reconsideration of his sentence. These motions were denied following a hearing. Johnston filed another notice of appeal from the order denying his post-judgment motions. All appeals taken by Johnston in this proceeding have been consolidated for disposition.

**1.** Under I.C. § 18–2408(2) the maximum sentence for the grand theft charged in this case is

## SENTENCE REVIEW

As his first issue on appeal, Johnston asserts that the district court abused its discretion by imposing the five-year sentence requiring two years minimum confinement.[1] He argues that this sentence is unreasonable under the circumstances of the crime and in light of his background.

 The reasonableness of a sentence is determined by focusing on the probable length of confinement. In *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982), we noted that

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

In reviewing a sentence imposed under the Unified Sentencing Act, I.C. § 19–2513, the appellate court will treat the minimum period of incarceration as the probable duration of confinement. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). That minimum period in this case is two years. Thus, Johnston must show the sentence imposed by the district court was excessive under any reasonable view of the facts, considering the sentencing objectives. *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992).

The presentence report in this case contained a great deal of information about Johnston's character and history and the nature of the offenses. Johnston was 54 years old. He had a criminal record of two prior felonies and one misdemeanor. He had been convicted of attempted theft by deception in South Dakota, grand theft in Colorado, and larceny in Massachusetts. He had served a term of incarceration in the state penitentiary in South Dakota for the conviction in that state; the sentence from Colorado was ordered to be served concurrently with the one in South Dakota. He also was wanted in California and Ne-

fourteen years.

braska on pending charges. He had used approximately two dozen aliases and several social security numbers over the past twenty years.

Johnston informed the presentence investigator that he is a self-employed salesman. He explained the background for the prosecution of the grand theft charges in Idaho. He stated that he moved to Boise, bought used pay-telephones in Texas for $65 each and sold them to his victims as new telephones for $400 apiece. He failed to tell his victims that the telephones were obsolete and were not compatible with the digital system used in Boise, but represented that the equipment would in fact work as pay phones. He sold the telephones with guarantees for the income they would generate, promises of endorsements from local charities, and promises to find locations for $100 per phone. From Johnston's representations, his victims were led to believe that all they had to do was buy the phones and locations and collect the money generated by the users' calls. However, the phones failed to work, Johnston's victims were not reimbursed, and Johnston left town with their money. He was arrested later in Oregon and returned to Idaho.

From the information obtained about Johnston and his prior history, the presentence investigator concluded that Johnston was predisposed to act in a criminal manner, that he has little remorse for his victims, that he repeatedly has demonstrated manipulative behavior, had an eighteen-year history of victimization, and needed to realize the seriousness of the multiple offenses he had committed. The presentence report recommended that "a substantial period of incarceration is necessary and justifiable to deter this defendant from committing any further crimes of this nature in the future."

The district court explained its rationale in imposing the sentence:

> [I]t appears to the court that it was quite a scam. It's well thought out. A lot of effort went into it. It has indications of a level of thought that would make the likelihood of reoffense high in light of the defendant's past record.

The loss to the victim[s] ranges somewhere above $36,000. This is a significant case. The past record shows two prior felonies that have been ascertained [and] a misdemeanor.

It also shows some things of consideration as far as what options short of a prison sentence would be warranted. It's a serious offense in terms of the high amount of loss to people, financial loss.

Certainly, there was no indication of any direct threat of violence to anybody else, and that doesn't appear to be part of the defendant's lifestyle, and so I don't think that a significant sentence is warranted, because of the fact that [the] defendant does not appear to be a person who endangers other people's personal physical safety, and so I think that that needs to be taken into account.

On the other hand, it appears that the defendant is very probably a professional in scams of this type, and that certainly the loss in this case is of some significance that a penalty is warranted, and that some effort to protect the public from further scams is also warranted.

I do note that of the convictions, I have attempted theft by deception and a grand theft present. Also, as far as whether or not any lesser option would work, there [are] fugitive from Nebraska and fugitive from California warrants, and under the other names, there is a few other—that is an unlawful flight to avoid prosecution, so I am concerned that any long incarceration—any non-incarceration alternatives might result in the loss of the defendant entirely.

So I think the plea bargain agreement is a pretty reasonable approach in this case, so I'm going to impose the Judgment of Conviction of two years fixed followed by three years indeterminate for a five-year sentence with an order of restitution being entered.

I don't have any real hope that the victims will ever be compensated for it, but I also don't think the sentence imposed in this case should be above the plea bargain agreement, because I don't

see any indications the defendant presents any risk of violent harm to anybody else.

It appears that the biggest change that's needed in the defendant's life is to decide to use what are, apparently, considerable skills in some more constructive fashion, and that's a decision that only the defendant can make.

It would appear to me imposing a penalty which is larger than the penalty actually served last time is a good way to increase the incentives for the defendant—for changes to take place, since he obviously has the intelligence and ability to succeed in an honest life if he wanted to do that.

From the comments made by the district court, in light of the nature and circumstances of the crime and the background of the defendant, we conclude that the sentence imposed was reasonable and was not an abuse by the court of its sentencing discretion.

## RULE 35 MOTION

■ Johnston next asserts that the district court abused its discretion when it denied Johnston's motion under I.C.R. 35 to reconsider, and reduce, Johnston's sentence. Such a motion is addressed to the sound discretion of the sentencing court, *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987), and essentially is a plea for leniency from an unduly severe sentence. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of a motion for the reduction of a sentence will not be disturbed absent a showing that the court abused its discretion. The criteria for examining rulings denying the requested leniency are the same as those applied in determining whether the original sentence was reasonable. *Id.*, at 450, 680 P.2d at 872. Otherwise stated, the factors considered in determining whether to reduce a sentence are the same as those applied in evaluating whether the original sentence was excessive; namely, protecting society, deterring the defendant and others, rehabilitating the defendant, and punishing the defendant. *State v. Snapp*, 113 Idaho 350, 351, 743 P.2d 1003, 1004 (Ct.App.1987);

*State v. Toohill, supra,* 103 Idaho at 568, 650 P.2d at 710. If the sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. In conducting appellate review of the denial of an I.C.R. 35 motion, we consider the entire record submitted to the court below.

■ Johnston's motion to reconsider his sentence was denied after a hearing at which Johnston was present and testified. He reported that he was employed as a telemarketer at the penitentiary, earning approximately $80 per month, and that he had received no disciplinary write-ups while in the institution. He disclosed that he was suffering from poor health—hardening of the arteries—which required medication and special diet and that he may need coronary bypass surgery in the future. He testified he had a job available with a marketing firm in Portland, Oregon, if he could be released from custody. He requested that his sentence be reduced so he could obtain an early release and begin making restitution to the victims in this case in monthly amounts greater that he would be able to meet with the limited income he was receiving while in the penitentiary. At the conclusion of the hearing on Johnston's motion to reduce his sentence, the court took the request under advisement, noting that it did not have the presentence report at hand and expressing its desire to consider the presentence report once again.

In its order subsequently denying Johnston's motion, the district court explained:

The defendant has requested that the balance of his sentence be suspended and that he be placed on probation. He argues that he could begin restitution sooner if he were placed on probation.

The defendant's record reflects convictions for crimes involving deception and fugitive warrants involving several states. The presentence report reflects that the defendant has used other social security numbers and dates of birth. It appears that he has used multiple aliases. It also appears that the defendant is a professional "con man." In light of his

past record, I have no real confidence that if the defendant were placed on probation, he would meet his responsibilities. Moreover, he is at the point where he needs, and deserves, to pay a penalty for continuing to engage in criminal activity. The defendant is a pleasant person who is performing well in the institution. He is also someone who has cultivated a life style of dishonesty. Certainly, he is intelligent enough and has enough marketable skills to make a decent living if he ever wanted to do so. The purpose of a prison sentence for this defendant is to increase the price for continuing to commit crimes so that, ideally at some point, the defendant will decide that it would "pay," in many ways, to abide by the law. He has earned the sentence he received. It will not be modified.

The record demonstrates that, both at the sentencing proceeding and upon considering Johnston's motion to reduce his sentence, the district court was concerned with arriving at a sentence which would serve the primary goal of protecting society, while taking into account the objectives of deterrence and rehabilitation, including the opportunity for restitution for the losses suffered by the victims. The sentence, when imposed, was reasonable and not excessive. Viewing the record as a whole, we cannot say that the district judge abused her discretion in declining to grant any leniency by reducing Johnston's prison sentence.

### MOTION FOR RELIEF FROM RESTITUTION ORDER

■ Finally, Johnston asserts the district court abused its discretion in denying his motion for relief from the restitution order. In support of his motion, Johnston testified that he should be required to make restitution in the total amount of $26,500 rather than $38,925 as ordered by the court. He explained that the difference between the two amounts represented money he had not actually received from the victims but which was paid by them to a third person involved in the business transactions giving rise to Johnston's prosecu-

tion. The district court was not persuaded by this position, determining that any economic loss caused to the victims was, indeed, Johnston's responsibility.

■ The decision whether to order restitution is within the trial court's sound discretion, guided by the factors set forth in I.C. § 19–5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Bybee,* 115 Idaho 541, 768 P.2d 804 (Ct.App.1989). Likewise, the decision whether to modify an order of restitution rests within the discretionary power of the trial court. The exercise of discretion in either regard must occur within the boundaries governing the available choices and consistent with any legal standards applicable to those choices. *See generally, State v. Aubert,* 119 Idaho 868, 811 P.2d 44 (Ct.App.1991).

The guideline contained in I.C. § 19–5304(7) recites:

> The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.

The restitution statute further provides in part:

> Restitution orders shall be entered by the court at the time of sentencing or such later date as deemed necessary by the court. Economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim or presentence investigator. Each party shall have the right to present such evidence as may be relevant to the issue of restitution, and the court may consider such hearsay as may be contained in the presentence report, victim impact statement or otherwise provided to the court.

I.C. § 19–5304(6). Based upon this latter provision, Johnston argues that his testimo-

ny presented at the hearing on his motion for relief was unrefuted by the state and thus established, by a preponderance of the evidence, that the correct restitutionary figure should be $26,500 and not $38,925 as ordered by the court following the sentencing proceeding.

We are not persuaded by this argument. An additional provision of the restitution statute, section 19–5304(8), covers Johnston's circumstance. It provides:

> In determining restitution, where it appears that more than one (1) person is responsible for a crime that results in economic loss to victim, and one or more of the suspects or defendants are not found, apprehended, charged, convicted or ordered to pay restitution, the court may require the remaining defendant or defendants, who are convicted of or plead guilty to the crime, to be joint and severally responsible for the entire economic loss to the victim.

The court's order for restitution, entered concurrently with the judgment of conviction and commitment of Johnston to the Board of Correction and requiring Johnston to be responsible for all of the economic losses of the victims who were defrauded in his pay-telephone scheme, is consistent with the provisions of this statute. The district court's decision that the restitution order should not be changed, upon hearing Johnston's testimony at the motion for relief from the order, was not an abuse of discretion. Accordingly, we uphold the district court's exercise of discretion in denying Johnston relief on this motion.

### CONCLUSION

In summary, we affirm the judgment of conviction for grand theft and the unified sentence of five years with a minimum confinement period of two years. We also affirm the order for restitution and the order denying the appellant's motions for reconsideration of the sentence and for relief from the order of restitution.

SWANSTROM and SILAK, JJ., concur.