878 P.2d 212

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Ronald RUSSELL, Defendant–Appellant.**

**No. 20680.**

Court of Appeals of Idaho.

July 15, 1994.

Jonathan B. Hull, Kootenai County Public Defender (argued), Coeur d'Alene, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen. (argued), Boise, for respondent.

PER CURIAM.

Ronald Russell pled guilty to ten counts of burglary. He received suspended sentences and was placed on probation. After a hearing, Russell was ordered to pay restitution to his victims, including $50 to compensate one victim for income lost when the victim spent two hours attending and testifying at the restitution hearing. Russell appeals from the restitution order, arguing that he should not have to pay the $50 because the victim was self-employed and could make up the lost time without losing money or business. We affirm.

■ Whether to order restitution, and in what amount, are matters to be determined within the discretion of the trial court. *State v. Johnston*, 123 Idaho 222, 846 P.2d 224 (Ct.App.1993); *State v. Bybee*, 115 Idaho 541, 768 P.2d 804 (Ct.App.1989). By statute, restitution "shall be ordered for any economic loss which the victim actually suffers." I.C. § 19–5304(2). The code broadly defines "economic loss," reciting that the term

> includes, but is not limited to, the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct, but does not include less tangible damage such as pain and suffering, wrongful death or emotional distress.

I.C. § 19–5304(1)(a). The code further provides that

> Economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim or presentence investigator. Each party shall have the right to present such evidence as may be relevant to the issue of restitution, and the court may consider such hearsay as may be contained in the presentence report, victim impact statement or otherwise provided to the court.

I.C. § 19–5304(6).

Here, the victim testified that he was self-employed as an automobile restorer, making $25 per hour, and had taken two hours off work to appear at the restitution hearing. Although he acknowledged that he could "put in extra time to make up for the time lost," as far as he was concerned, "time lost is wages lost."

As noted, I.C. § 19–5304(1)(a) includes "lost wages" as one of the examples of economic items for which restitution can be ordered. Because of the broad definition given to the term "economic loss," we conclude—by analogy—that the time spent in court by a self-employed victim during which that person could otherwise be pursing his vocation, but who has been called to testify about the losses caused to him through criminal conduct of the defendant, has suffered an economic loss within the meaning of I.C. § 19–5304(1)(a). It follows that the district court, based upon the evidence presented, did not err in ordering restitution for "wages" lost by the victim in this case.

Accordingly, the order of restitution is affirmed.