**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39027**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 342 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 1, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CLIFFORD R. FRANSEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction for trafficking in marijuana, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Clifford R. Fransen appeals from his judgment of conviction following his plea of guilty to trafficking in marijuana. I.C. § 37-2732B(a)(1)(A). Specifically, Fransen asserts that the district court abused its discretion in ordering Fransen to pay restitution.

The decision whether to order restitution and in what amount is within the discretion of the trial court. *State v. Russell*, 126 Idaho 38, 39, 878 P.2d 212, 213 (Ct. App. 1994). The determination of the amount of restitution is a question of fact for the trial court, whose findings will not be disturbed if supported by substantial evidence. *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). In this case, the district court ordered Fransen to pay restitution pursuant to I.C. § 37-2732(k) in the amount of $1,088.53, which included $300 for forensic testing of the marijuana and $788.53 for investigation expenses. Fransen argues that the

1

district court abused its discretion because it did not logically apply the statutory factors guiding the imposition of restitution.

Idaho Code Section 37-2732(k) provides, in pertinent part:

> Upon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to, the Idaho state police, county and city law enforcement agencies, the office of the attorney general and county and city prosecuting attorney offices. Costs shall include, but not be limited to, those incurred for the purchase of evidence, travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings and trials, and any other investigative or prosecution expenses actually incurred, including regular salaries of employees.

As this Court determined in *State v. Mosqueda*, 150 Idaho 830, 833-34, 252 P.3d 563, 566-67 (Ct. App. 2010), because I.C. § 37-2732(k) contains no provisions concerning the nature of a restitution award or the proceedings to obtain that award, we are guided by reference to the general restitution statute, I.C. § 19-5304. Idaho Code Section 19-5304(7) provides:

> The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.

In ordering Fransen to pay restitution, the district court stated:

> [Defense counsel] did object to the restitution that is requested in this matter for investigation and testing of the marijuana. The Court has looked at that and considered that, also considering your fixed income and the nature of your medical issues with regard to your fixed income, but the Court has an abiding belief that when you pled guilty, you understood that restitution could be required for the cost of investigation of this particular crime, and so I am going to order restitution in the amount of $1,088.53.
>
> I am not going to order any additional financial sanctions with regard to attorney fees or reimbursement to the county for any costs or maintenance of the District Court. I think it's that--simply a $5000 fine and restitution is more than enough for purposes of punishment in this particular case.

Contrary to Fransen's assertion, we conclude that the district court logically considered the factors guiding imposition of restitution as required by I.C. § 19-5304--the amount of

economic loss sustained by the state as a result of Fransen's offense and the financial resources, needs, and earning ability of Fransen.[1]  Further, the district court's finding that $300 for forensic testing of the marijuana and $788.53 for investigation expenses were compensable in restitution under the statute was supported by substantial evidence.  Accordingly, the district court did not abuse its discretion in ordering Fransen to pay restitution.  Fransen's judgment of conviction for trafficking in marijuana is affirmed.

---

[1]     We also note Fransen asserts in his reply brief that the district court's determination that Fransen understood restitution could be required was clearly erroneous because of his response to certain parts of the guilty plea questionnaire.  This assertion is belied by the record.  Prior to accepting the guilty plea, the district court inquired:

> [COURT]     You understand that under the statute that if there are costs for prosecution and investigation of this case, I could order that you pay restitution?
> [FRANSEN]   Yes, Your Honor.

3