IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41892

STATE OF IDAHO,  )
  )  2014 Opinion No. 102
    Plaintiff-Respondent,  )
  )  Filed: December 4, 2014
v.  )
  )  Stephen W. Kenyon, Clerk
SHEPHERD REALE,  )
  )
    Defendant-Appellant.  )
                              )

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of three years, for sexual abuse of a child under sixteen years of age, affirmed; order of restitution, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Shepherd Reale appeals from his judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of three years, for sexual abuse of a child under sixteen years of age and from the district court's order of restitution. Specifically, Reale alleges that his sentence is excessive and that the district court abused its discretion by awarding restitution to the victim's mother for lost wages resulting from her taking time off from her nightshift nursing job to sleep before court appearances. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Reale was charged with lewd conduct with a minor child under sixteen years of age and sexual abuse of a child under sixteen years of age. Pursuant to a plea agreement, Reale pled

1

guilty to sexual abuse of a child under sixteen years of age, I.C. § 18-5601(1)(b), and the state dismissed the lewd conduct charge. Reale was sentenced to a unified term of fifteen years, with a minimum period of confinement of three years.

The state sought an order of restitution, including $3,315.68 for the lost wages of the victim's mother. At the restitution hearing, the mother testified that she missed all or part of several twelve-hour shifts working as a night charge nurse, totaling ninety-two hours at an hourly rate of $36.04. She further testified that she took the time off from her 7 p.m. to 7:30 a.m. shift to be rested and ready to attend scheduled counseling sessions and court proceedings, most of which occurred between 9 a.m. and 12 p.m. Reale argued that it was not "foreseeable that someone would miss a 12-hour shift the night before a court hearing in order to be there for that hearing in the morning." The district court subsequently entered a judgment of restitution, which included an award of $3,315.68 to the victim's mother for lost wages. Reale appeals.

## II.

## ANALYSIS

Reale argues that the district court abused its discretion in awarding the victim's mother restitution for her lost wages as a result of missing all or part of several night shifts so that she could be rested and prepared for court proceedings the following day. Reale alternatively argues that, even if time taken off work to rest before court proceedings is compensable as lost wages, the district court abused its discretion in awarding the full amount of the requested restitution, as there was not substantial evidence justifying restitution for the five instances where the mother missed her entire twelve-hour shift prior to attending court proceedings. Reale also contends that the district court abused its discretion by imposing an excessive sentence.

### A.     Excessive Sentence

Reale contends that his unified sentence of fifteen years, with a minimum period of confinement of three years, is excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Ozuna*, 155 Idaho 697, 704, 316 P.3d 109, 116 (Ct. App. 2013). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982); *Ozuna*, 155 Idaho at 704, 316 P.3d at

2

A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Reale argues that the district court failed to give adequate consideration to mitigating factors, resulting in an excessive sentence. The mitigating factors he alleges the district court failed to consider include his low risk of recidivism, history of being sexually abused as a child, physical health issues, and grief over his wife's illness and death. The record does not support Reale's claims.

At sentencing, the district court emphasized that its primary sentencing goal was protecting society, noting the disturbing nature of Reale's conduct with the eight-year-old victim. The district court acknowledged that the psychosexual evaluation in the presentence investigation report concluded that Reale was a low risk to reoffend. However, the district court observed that the evaluation also indicated that Reale did not think he had a problem or needed treatment and failed to accept full responsibility for his conduct. Reale minimized and rationalized his conduct and even went so far as to accuse the victim's parents of being "after him" and "setting him up" for the offense by putting Reale in a situation in which he was able to commit the offense. The evaluator also noted that Reale does not believe he needs treatment for his sexual behavior. Moreover, the district court noted that Reale had committed similar conduct in the past with a ten-year-old girl. Thus, although he had no prior convictions, this was not Reale's first sexual offense. The district court further considered Reale's own experience of having been sexually abused as a child, his health problems, and his emotional difficulties associated with his wife's illness and eventual death. However, the district court was not required to ascribe as much weight and significance to these allegedly mitigating factors as Reale contends. Instead, the district court determined that the nature of the offense, Reale's potential problems with treatment in the community, and Reale's prior similar conduct outweighed the

allegedly mitigating factors and necessitated a sentence that would protect society and correspond with the seriousness of the offense.

The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.* Having thoroughly reviewed the record in this case, we cannot say that the sentence is plainly excessive under any reasonable view of the facts. Therefore, the district court did not abuse its discretion, and this Court will not disturb the district court's sentencing decision.

## B. Restitution Award

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. "Victim" is defined to include the "immediate family of a minor" who is the actual victim of the defendant's criminal conduct. I.C. § 19-5304(1)(e)(i). "Economic loss" includes, among other things, "lost wages, and direct out-of-pocket losses or expenses . . . resulting from the criminal conduct." I.C. § 19-5304(1)(a). The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

To meet the second and third requirements of this analysis, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Thus, the state must prove, by a preponderance of

the evidence, a causal relationship between the defendant's criminal conduct and the damages suffered by the victim. I.C. § 19-5304(7); *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012). Causation consists of actual cause and true proximate cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 757 (2009). Actual cause refers to whether a particular event produced a particular consequence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757. A "but for" test of actual cause is used in circumstances where there is only one cause or where two or more possible causes were not acting concurrently. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757. Reale does not dispute that his criminal conduct was the actual cause of the mother's economic loss.

Proximate cause focuses on the foreseeability of the injury, requiring us to determine whether the injury and manner of occurrence were so highly unusual that we can say, as a matter of law, that a reasonable person, making an inventory of the possibilities of harm that his or her conduct might produce, would not have reasonably expected the injury to occur. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757; *State v. Houser*, 155 Idaho 521, 525, 314 P.3d 203, 207 (Ct. App. 2013). The causal chain linking a defendant's criminal conduct to the economic loss suffered by a victim may be severed by an independent act or force constituting an intervening, superseding cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757; *Houser*, 155 Idaho at 525, 314 P.3d at 207. In general, an intervening, superseding cause replaces the defendant's act as the proximate cause of the victim's injury. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374-75, 223 P.3d at 757-58; *Houser*, 155 Idaho at 525, 314 P.3d at 207. However, to relieve a defendant of criminal liability, an intervening, superseding cause must be an unforeseeable and extraordinary occurrence. *Corbus*, 150 Idaho at 602-03, 249 P.3d at 401-02; *Lampien*, 148 Idaho at 375, 223 P.3d at 758; *Houser*, 155 Idaho at 525, 314 P.3d at 207. The defendant remains criminally liable if either the possible consequence might reasonably have been contemplated or the defendant should have foreseen the possibility of harm of the kind that could result from his or her act. *Corbus*, 150 Idaho at 602-03, 249 P.3d at 401-02; *Lampien*, 148 Idaho at 375, 223 P.3d at 758; *Houser*, 155 Idaho at 525, 314 P.3d at 207.

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lombard*, 149 Idaho at 822, 242 P.3d at 192. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

Reale asserts that there was not substantial evidence establishing that his criminal conduct was the proximate cause of the mother's lost wages, as her choice to sleep before court proceedings instead of working was an intervening, superseding cause that severed the causal chain. Additionally, Reale argues that the mother's time off work did not constitute an economic loss, as the mother did not miss work to attend a court proceeding occurring at the same time.

Entitlement to restitution for lost wages does not require that the court proceeding and work hours coincide. Instead, our analysis focuses on determining whether there is a causal link between the defendant's conduct and the economic loss suffered. Under the broad, nonexclusive definition of "economic loss" in I.C. § 19-5304(1)(a), expenses and losses incurred that are analogous to lost wages are compensable through restitution. *See State v. Olpin*, 140 Idaho 377, 379, 93 P.3d 708, 710 (Ct. App. 2004) (holding that a loss of productivity resulting from employees having to take time away from their normal duties to investigate the extent of the defendant's criminal conduct was closely analogous to lost wages and was compensable under the statute's broad definition of economic loss); *State v. Russell*, 126 Idaho 38, 39, 878 P.2d 212, 213 (Ct. App. 1994) (holding that, due to the broad definition of economic loss, time spent in court by a self-employed victim during which that person could have been pursuing his vocation constituted an economic loss by analogy to lost wages). Moreover, necessary expenses or losses that the victim incurred in order to address the consequences of the criminal conduct are also included as economic loss. *State v. Gonzales*, 144 Idaho 775, 778, 171 P.3d 266, 269 (Ct. App. 2007); *State v. Parker*, 143 Idaho 165, 167, 139 P.3d 767, 769 (Ct. App. 2006). Court proceedings are obvious consequences of criminal conduct. Thus, a victim is entitled to lost wages for time off that was reasonably necessary to enable him or her to attend court proceedings, even if that time off does not coincide with the actual court proceeding. *See Houser*, 155 Idaho at 528-29, 314 P.3d at 210-11 (recognizing that a victim may be compensated

6

for lost wages for travel time to and from court proceedings and time spent waiting for court proceedings to begin).

Due to the nature of the mother's job as a night charge nurse, her work hours of 7 p.m. to 7:30 a.m. would never coincide with scheduled court proceedings. Indeed, most of the court proceedings in Reale's case occurred between 9 a.m. and 12 p.m. A defendant may not avoid restitution liability simply due to a victim's irregular work hours that do not coincide with the court's hours of operation. Such a stance would severely undermine the policy favoring full compensation to crime victims who suffer economic loss. Moreover, it would lead to perverse results, such as requiring that the mother in this case choose between attending court proceedings that involve the man charged with molesting her daughter or sleeping, as she could not readily or reasonably do both. Instead, as we recognized in *Olpin*, *Russell*, and *Houser*, individual work circumstances will determine whether specific instances of missed work time constitute economic loss that is compensable as restitution. As noted in *Houser*, "reasonableness is the touchstone." *Id.* at 529, 314 P.3d at 211.

In this case, it would not be reasonable to expect the victim's mother to attend court proceedings with little to no sleep after working a demanding job for twelve hours. On the contrary, as noted by the district court, the time the mother took off of work was reasonably necessary to enable her to attend court proceedings. The mother did her best to avoid taking off more time than necessary, switching shifts when able and taking her time off in four-hour blocks when possible. Only when she was unable to switch shifts did she take the time for which she claimed restitution. Such time off was necessary to allow the mother to adequately and reasonably address the consequences of Reale's criminal conduct by attending the court proceedings resulting therefrom. Moreover, it was reasonably foreseeable that, by molesting the mother's minor daughter, the mother would want, and occasionally need, to attend court proceedings both with and without her minor daughter. It was also reasonably foreseeable that the mother would make reasonable accommodations--including time off from work to rest and prepare--to be able to adequately attend and participate in those proceedings. As a result, substantial evidence supported the district court's determination that Reale's conduct was the true proximate cause of the mother's lost wages.

In addition, the mother's decision to take the time off work reasonably necessary to allow her to attend the court proceedings was not an intervening, superseding cause, as the mother's

7

missed work time was neither unforeseeable nor extraordinary. Just as it is reasonably foreseeable that a crime victim may want to be present at any proceeding that substantially impacts the case, the victim's relationship with the perpetrator, or any further risk to the victim, it is just as foreseeable that the mother of a child victim would want or need to attend the same court proceedings to provide testimony or to support, assist, and comfort her child in understanding and navigating the unfamiliar and intimidating legal proceedings. *See Houser*, 155 Idaho at 528, 314 P.3d at 210 (holding that a victim's choice to attend most or all court proceedings was not an intervening, superseding cause that severed the link between the defendant's criminal conduct and the victim's lost wages). Accordingly, the mother's decision to take the time off work reasonably necessary to accommodate her attendance at court proceedings was not an intervening, superseding cause.

Finally, Reale contends that, even if the mother's lost wages are compensable under the restitution statute as economic loss, there was not substantial evidence to support the full award. This, he claims, is because it was not reasonably necessary for the mother to take her entire twelve-hour shift off work on the five occasions when she was unable to switch shifts. Reale also alleges that the actions of the third parties who refused to switch shifts with the mother constituted intervening, superseding causes that severed the causal chain between his conduct and the mother's lost wages.

In the absence of supporting evidence, a court may not presume that loss of an entire work day is justified for every attendance at a hearing regardless of its duration or time of day. *Houser*, 155 Idaho at 529, 314 P.3d at 211. However, some work circumstances, if supported by evidence, justify missing entire work days to enable a victim to attend court proceedings. *See id.* at 529, 314 P.3d at 211 (discussing that in some types of employment, a period of temporary absence might require the employer to have an alternate employee come to the workplace and cover that portion of the work, making it preferable to have the employee miss a full day as opposed to a partial day). In the unusual circumstances presented in this case, it was not unforeseeable that the mother would occasionally be unable to switch shifts, resulting in her having to miss an entire shift. Any working person knows the difficulties attendant with scheduling changes, which are only amplified in demanding and irregular hour jobs such as the mother's. There was also substantial evidence indicating that taking full days off was reasonably necessary when they occurred. The district court noted that the mother "did her best to find

8

coverage for her blocks of time to avoid taking off more time than necessary to be prepared and attentive in court." This was supported by the mother's testimony that she made every effort to find people to switch shifts and that doing so was difficult, as there were very few people available to fill her position. What constitutes reasonable justification for missing an entire shift changes when dealing with irregular work hours that do not coincide with court proceedings. In the current case, regardless of whether the mother was able to switch shifts or not, her reason for missing work remained constant--replacing the sleep time that would be missed by going to the court proceedings in order to be well rested and prepared for those proceedings. This reason, in light of the mother's efforts to avoid missing full shifts, justifies the five instances where missing her full work shift was unavoidable. Accordingly, the mother's inability to switch shifts, resulting in her having to take off full shifts in five instances, was neither unreasonable nor an unforeseeable and extraordinary occurrence constituting an intervening, superseding cause.

We hold that substantial evidence supported the district court's decision to award restitution as well as the amount awarded. As a result, we will not disturb the district court's award of restitution.

### III.

### CONCLUSION

Reale has failed to show that his sentence was excessive. Additionally, substantial evidence supported the district court's finding that Reale's criminal conduct was the proximate cause of the mother's lost wages. Accordingly, Reale's judgment of conviction and sentence for sexual abuse of a child under sixteen years of age and the order of restitution and are affirmed.

Judge GRATTON, **CONCURS**.

Chief Judge GUTIERREZ, **CONCURS IN PART AND DISSENTS IN PART**.

Shepherd Reale pleaded guilty to sexual abuse of a child under the age of sixteen years. Following a restitution hearing, the district court awarded restitution in favor of the victim's mother that compensated the mother for time she took off work to rest before the victim's CARES[1] interview and examination and before various court hearings. Based on the evidence presented at the restitution hearing, I conclude that the time the mother took off work to rest was

---

[1]     Children at Risk Evaluation Services (CARES) is a clinic where children suspected of being abused are physically examined and interviewed. *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct. App. 2004).

not an economic loss under the restitution statute. Therefore, I respectfully dissent from part II(B) of the majority opinion.[2]

Relevant to this appeal, the mother of the victim explained at the restitution hearing that she was seeking restitution for time that she took off work to rest before taking the victim to a CARES interview and examination and before attending various court hearings, each of which occurred outside of the mother's normal working hours. The mother is a nurse who works three twelve-hour shifts per week. At the restitution hearing, she provided a list of events for which she took time off, based on her records, that she was seeking restitution for; this exhibit was admitted into evidence. I have summarized the exhibit and the mother's testimony in the following table of the time the mother took off work to rest:

| Item | Date, Time, and Purpose of the Event | Hours Off Work |
|------|--------------------------------------|----------------|
| 1 | August 1, 2013 - 8:30 a.m. - CARES interview | **8** (11:00 p.m. - 7:00 a.m.) |
| 2 | August 5, 2013 - (unknown) - CARES examination | **4** (3:00 a.m. - 7:00 a.m.) |
| 3 | August 12, 2013 - 3:00 p.m. - preliminary hearing* | **4** (3:00 a.m. - 7:00 a.m.) |
| 4 | August 29, 2013 - 11:00 a.m. - preliminary hearing | **4** (3:00 a.m. - 7:00 a.m.) |
| 5 | September 30, 2013 - 9:00 a.m. - arraignment | **12** (7:00 p.m. - 7:00 a.m.) |
| 6 | October 2, 2013 - 9:00 a.m. - hearing | **12** (7:00 p.m. - 7:00 a.m.) |
| 7 | November 4, 2013 - 9:00 a.m. - bond reduction hearing | **12** (7:00 p.m. - 7:00 a.m.) |
| 8 | December 9, 2013 - (unknown) - pretrial conference* | **12** (7:00 p.m. - 7:00 a.m.) |
| 9 | December 13, 2013 - 9:00 a.m. - pretrial conference | **12** (7:00 p.m. - 7:00 a.m.) |
| 10 | February 10, 2014 - 9:00 a.m. - sentencing* | **8** (11:00 p.m. - 7:00 a.m.) |
| 11 | February 11, 2014 - 1:00 p.m. - sentencing | **4** (7:00 p.m. - 11:00 p.m.) |
| Total | | **92** hours |

Note: an asterisk represents a hearing that was cancelled or rescheduled on the day of the hearing

Following the restitution hearing, the district court entered a judgment and order awarding the mother restitution for the value of each of the ninety-two hours she claimed.

In this case, Reale contends that the restitution statute "does not contemplate awarding victims lost wages for taking time off work to be rested or prepared before attending court proceedings." As an alternative, Reale asserts that the mother's "choice to spend time resting instead of going to work was an intervening, superseding cause that severed the causal link." As another alternative, Reale argues that even if compensation for time off while resting is an economic loss proximately caused by Reale's criminal conduct, the ultimate award is not based on substantial evidence. The State counters that the time off work to rest was proximately caused by Reale's criminal conduct and that the restitution award is supported by substantial

---

[2] I concur in part II(B) of the majority opinion addressing Reale's contention that his sentence was excessive.

evidence. The State, however, does not explicitly address Reale's first contention, which is that time off work to rest is not compensable under the restitution statute.

The restitution statute provides restitution for economic loss, I.C. § 19-5304(2), and economic loss is defined by the statute:

> "Economic loss" includes, but is not limited to, the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct, but does not include less tangible damage such as pain and suffering, wrongful death or emotional distress.

I.C. § 19-5304(1)(a). We have previously explained that economic loss "includes necessary expenses or losses that the victim incurred *in order to address the consequences of the criminal conduct*." *State v. Parker*, 143 Idaho 165, 167, 139 P.3d 767, 769 (Ct. App. 2006) (emphasis added).

The issue of whether time taken off work to rest is an "economic loss" involves the interpretation of the restitution statute, I.C. § 19-5304. This raises a question of law over which this Court exercises free review. *State v. McKeeth*, 136 Idaho 619, 628, 38 P.3d 1275, 1284 (Ct. App. 2001) ("On appeal, McKeeth contends that the award of 'potential economic losses' to the Crime Victims Compensation Fund is not permitted under the restitution statute. The argument raised by McKeeth requires that we interpret the language of I.C. § 19-5304."); *see also State v. Straub*, 153 Idaho 882, 889, 292 P.3d 273, 280 (2013) (holding that "actual out-of-pocket medical expenses and lost wages up to the date of sentencing may be included in a restitution order"); *Parker*, 143 Idaho at 168, 139 P.3d at 770 (concluding that attorney fees related to a victim's civil action were not an economic loss).

As a matter of law, this Court has consistently held that the victim's time spent appearing and testifying at a restitution hearing, when the victim would otherwise be working, is an economic loss because it is analogous to lost wages. *E.g., State v. Olpin*, 140 Idaho 377, 379, 93 P.3d 708, 710 (Ct. App. 2004); *State v. Russell*, 126 Idaho 38, 39, 878 P.2d 212, 213 (Ct. App. 1994) (per curiam). The analogy holds because the time taken off to testify is a *necessary* loss the victim incurred in order to address the consequences of the criminal conduct. *See Parker*, 143 Idaho at 167, 139 P.3d at 769.

This appeal, however, does not deal with time spent by the victim testifying; rather, it involves time spent resting before an event or hearing, when the victim would otherwise be

11

working, even though the hearing or other event would occur during nonworking hours. In order to be an economic loss, the time used by the victim to rest, when the victim would otherwise be working, must be necessary for the victim to address the consequences of the criminal conduct. For the rest time to be *necessary* for the victim to address the consequences of the criminal conduct, I conclude that the victim's active participation must be required at the hearing or event. Therefore, an economic loss occurs when the victim takes time off work to rest in order to participate in hearings or other events that require the victim's active participation.

The prosecutor, here, did not present evidence of the fact that the mother actively participated in (e.g., testified in) any of the events or hearings. Accordingly, the time the mother took off work to rest before the court hearings was not an economic loss to the mother, as defined by the restitution statute.

In summary, I conclude that an economic loss occurs when the victim takes time off work to rest in order to participate in hearings or other events that require the victim's active participation. Because the evidence presented did not reveal that the mother's active participation in any of the hearings or events was necessary to address the consequences of Reale's criminal conduct, I would hold that the mother did not suffer an economic loss, as defined by the restitution statute, and was not entitled to restitution. Accordingly, I respectfully dissent.