**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43551**

| | | |
|---|---|---|
| **JIMMY D. LEYTHAM,** | ) | **2016 Opinion No. 54** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: August 10, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Jimmy D. Leytham appeals from the district court's judgment summarily dismissing Leytham's petition for post-conviction relief. Specifically, Leytham alleges the district court abused its discretion in denying his motion for discovery seeking to depose trial counsel and erred in summarily dismissing the petition. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In the underlying case, Leytham pled guilty to forgery. I.C. § 18-3601. Leytham filed a petition for post-conviction relief, making a number of claims of ineffective assistance of trial counsel. Leytham alleged that he placed more than twenty calls to his attorney, which were never returned; he asked his attorney for a binding plea agreement but was told that the judge

1

would not allow it; he asked his counsel to recuse the district judge but his counsel refused, explaining that he and the judge were good friends; counsel did not contact Leytham before a court appearance and that counsel's law partner, who was not familiar with Leytham's case, appeared at that hearing; counsel told Leytham that if he plead guilty he would be placed on probation; and that counsel told Leytham to say at the plea hearing that no promises were made regarding his sentence.[1]

Leytham filed a motion for discovery seeking to depose his trial counsel regarding his claims. The district court explained that it believed Leytham was "engaged in nothing but a fishing expedition." After explaining that Leytham's claims were ineffective assistance of counsel for failing to investigate and for failing to effectively communicate, the district court held:

> These are routine matters. Other than cursory claims that he wants to inquire regarding investigation of his issues, the Court finds Leytham made no showing why the discovery he requests is necessary to his application. Leytham's claims are abstract. *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001).
> Therefore, in an exercise of discretion, the Court denies [Leytham's] motion.

Upon motion from the state, the district court summarily dismissed Leytham's petition, holding that Leytham failed to present sufficient evidence to raise a genuine issue of material fact regarding ineffective assistance of trial counsel. Leytham appeals.

## II.

## ANALYSIS

### A.    Denial of Discovery

Leytham alleges the district court abused its discretion in denying Leytham's request to depose his trial counsel. When a petitioner believes discovery is necessary for acquisition of evidence to support a claim for post-conviction relief, the petitioner must obtain authorization from the district court to conduct discovery. I.C.R. 57(b); *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). Discovery in a post-conviction action is not required unless *necessary* to protect a petitioner's substantial rights. *Murphy v. State*, 143 Idaho 139, 148, 139

---

[1]    Leytham was sentenced to a unified term of ten years, with a minimum period of confinement of five years.

P.3d 741, 750 (Ct. App. 2006); *Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992). Discovery may be denied where the petitioner's claims are nothing more than speculation, unsupported by any evidence. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. Indeed, discovery may not be used to engage in "fishing expeditions," as post-conviction actions provide a forum for known grievances, not an opportunity to search for them. *Murphy*, 143 Idaho at 148, 139 P.3d at 750. Whether to authorize discovery is a matter directed to the discretion of the court. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927.

The threshold issue here is whether discovery was necessary to protect one of Leytham's substantial rights. It appears that Leytham alleges discovery was necessary to protect his right to assistance of counsel. While the right to assistance of counsel is a substantial right, discovery was not necessary to protect that right in this case. All of Leytham's allegations of ineffective assistance of counsel were based upon his interactions (or lack thereof) with counsel. Because Leytham had personal knowledge of his interactions with counsel, his affidavit was admissible evidence for purposes of raising a genuine issue of material fact regarding ineffective assistance of trial counsel. Leytham filed an affidavit with his petition for post-conviction relief, which provided the factual basis for his claims. Leytham's request to depose counsel appears to have been an effort to corroborate the evidence provided in Leytham's affidavit, rather than acquire evidence that was otherwise unavailable to him. Because discovery was not *necessary* to protect one of Leytham's substantial rights, the district court did not err in denying Leytham's motion for discovery.

## B. Summary Dismissal

Leytham alleges the district court erred in summarily dismissing his petition for post-conviction relief. Specifically, Leytham alleges that he raised a genuine issue of material fact as to whether his trial counsel was ineffective for failing to properly advise him regarding the potential sentence resulting from his guilty plea.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief

is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary

dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate

preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Leytham alleges that his counsel informed Leytham that, if he pled guilty, he would be sentenced to probation rather than incarceration. In addition, Leytham alleges that he was not informed that he was agreeing to pay over $55,000 in restitution. Leytham's allegations are disproven by the record.

Assuming Leytham's counsel advised him that he would be sentenced to probation rather than incarceration, Leytham was made aware by the district court that no promises were enforceable. At the plea hearing, the following exchange took place between the district court and Leytham:

> Q. You understand the only person who can make any promises to you as to what's going to happen at sentencing is me?
> A. Yes, ma'am.
> Q. Have I made you any promises?
> A. No, ma'am.

The district court continued questioning Leytham, then again asked about whether Leytham had been made any promises. The following exchange took place:

> Q. Are there any promises that have been made to you that influenced your decision to plead guilty--
> A. No, ma'am.
> Q. -- besides the plea agreement?
> A. No.

Even if Leytham's trial counsel misadvised Leytham that his plea of guilty would result in probation, that error was cured by the district court's explanation that no agreements were enforceable. Leytham acknowledged that he understood the district court's explanation.

Similarly, Leytham represented to the district court that he understood that he was agreeing to pay restitution as a result of his guilty plea. At the change of plea hearing, the following exchange took place:

> Q. Now, you understand that you're agreeing to pay restitution in all of these cases including the dismissed cases. Do you understand that?
> A. Yes, ma'am.
> . . . .
> Q. But you do understand that you have to pay restitution to the victims?
> A. Yes, ma'am.
> Q. You understand that?

A. Yes.

At sentencing, the district court discussed restitution with the attorneys for both parties, as follows:

> [STATE]: As was contemplated in the plea agreement, the restitution--excuse me--proposed restitution order in the 5269 case encompasses losses in that case to [the victim] of $202.75. In the 3478 case the restitution to the individually injured victim in that case has actually already been addressed through the bank--or I should say credit union. And the proposed order you've been provided for $55,331.92 is the loss suffered by [the credit union] . . . that was negotiated with specificity prior to the entry of plea in September.
>
> [COURT]: Is that--is the amount of restitution, is that something he's going to be agreeing to?
>
> [DEFENSE COUNSEL]: It is, Your Honor.

The district court later asked Leytham, "Do you wish to make a statement or present any information regarding [your] sentence today?" Leytham replied "No, ma'am." Because Leytham's allegations that he was misinformed by his counsel are clearly disproven by the record, the district court did not err in holding that Leytham failed to raise a genuine issue of material fact regarding ineffective assistance of his trial counsel.

Leytham also alleges that, if he was advised of his plea, he was unable to understand the proceedings as a result of medication he was taking at the time of sentencing. The following exchange took place at the plea hearing between the district court and Leytham:

> Q. Now, you've indicated that you've been taking a pill for depression as well as some other medications and some Hydrocodone for your neck pain; is that correct?
>
> A. Yes, Your Honor.
>
> Q. Are you having any difficulty understanding these proceedings?
>
> A. No, ma'am.
>
> Q. And you have been taking all of these medications for some time, about 45 days you said?
>
> A. Just take depression for 45. The rest of them I've been taking since 2005.
>
> Q. Okay. Normally by this time in any of these medications any effects have stabilized. But I just want to make sure are you having any sleepiness or any difficulty understanding what we're talking about here today?
>
> A. No, Your Honor.
>
> Q. And do you feel that these medications prevented you from knowingly and voluntarily deciding to plead guilty?
>
> A. No, Your Honor.
>
> Q. Did they make you more susceptible to [defense counsel's] suggestions?

A. Yes, Your Honor.

Q. They did? So your--[defense counsel's] suggestion--these medications made you more susceptible to those?

A. No, ma'am. I'm sorry. I misunderstood you.

Q. You misunderstood my question?

A. Yes, ma'am.

Q. Okay. And so these are your decisions, not [defense counsel's] decisions?

A. Yes, ma'am.

Q. And, again, just for the record, [Leytham's] answers seem appropriate to me, his affect is appropriate. We've got great contact. He's not slurring his words. He doesn't appear sleepy. His answers do not seem inappropriate to me. Is there anyone here who would disagree with that?

[STATE]: No, Your Honor.

[COURT]: [Defense counsel]?

[DEFENSE COUNSEL]: No, Your Honor. I agree with what he said.

[COURT]: Mr. Leytham?

[LEYTHAM]: I agree with what you said,

[COURT]: Great.

While Leytham claims he was unable to understand the plea proceedings due to medications he was taking, his claim is disproven by the record. The district court carefully examined Leytham to determine whether he was capable of understanding the guilty plea. The district court determined that Leytham was capable of understanding the guilty plea and the state, defense counsel, and Leytham all agreed with the district court's assessment. Accordingly, Leytham has not shown that he was not capable of understanding the plea agreement.

## III.

## CONCLUSION

Leytham has not shown that the district court erred in denying his motion for discovery seeking to depose his trial counsel. Furthermore, Leytham has not shown that the district court erred in summarily dismissing his claim of ineffective assistance of counsel or that he did not understand the plea agreement. Therefore, the district court's judgment summarily dismissing Leytham's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

8