**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50694**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    **Plaintiff-Respondent,**<br><br>v.<br><br>**MICHAEL KERMITT NUGENT,**<br><br>    **Defendant-Appellant.** | )<br>)  **Filed:  July 25, 2024**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Javier L. Gabiola, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for assault or battery upon certain personnel, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Michael Kermitt Nugent appeals from his judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for assault or battery upon certain personnel.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Nugent was in custody pending proceedings on a probation violation allegation in a prior case when he punched a jail deputy in the face.  Pursuant to a plea agreement, Nugent pled guilty to assault or battery upon certain personnel.  I.C. §§ 18-915(3) and 18-903(b).  In exchange for his guilty plea, a persistent violator enhancement allegation was dismissed.  Nugent also admitted to the probation violation in the prior case.

1

At sentencing, the district court determined that I.C. § 18-915 required imposition of a consecutive sentence. As a result, the district court imposed a unified sentence of five years, with a minimum period of confinement of three years, for the assault or battery upon certain personnel to run consecutively to the sentence in his probation violation case. Nugent appeals.

## II.

## STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

Appellate review of a sentence imposed in a criminal case is reviewed for an abuse of discretion. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A. Statutory Interpretation--I.C. § 18-915

Nugent contends that the district court erred when it determined that his sentence in this case was statutorily required to run consecutively to his sentence in a prior case. According to Nugent, because his sentence in the prior case was not being "currently served" within the meaning of I.C. § 18-915(3), there was no requirement that the sentence in this case be imposed consecutively to it. Nugent reasons that predisposition incarceration on a probation violation is not a sentence being served for purposes of I.C. § 18-915(3). The State responds that the district court correctly determined that it was required to impose a consecutive sentence in this case because, for purposes of I.C. § 18-915(3), a defendant is serving a sentence while on probation. The State also argues that Nugent's entitlement to credit for time served under I.C. § 19-2603 in relation to an alleged probation violation supports the conclusion that Nugent was serving a sentence for purposes of I.C. § 18-915(3) while he was in custody awaiting disposition of the probation violation. We hold that,

2

because Nugent was serving a sentence at the time the district court imposed sentence in this case, I.C. § 18-915(3) required the sentences to be consecutive.

Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Idaho Code Section 18-915(3) provides, in relevant part:

> (3)    For committing a violation of the provisions of section 18-903, Idaho Code, . . . against the person of a former or present peace officer, sheriff or police officer:
>
> . . . .
> (b)    While the victim is engaged in the performance of his duties and the person committing the offense knows or reasonably should know that such victim is a peace officer, sheriff or police officer;
> the offense shall be a felony punishable by imprisonment in a correctional facility for a period of not more than five (5) years, and said sentence shall be served consecutively to *any sentence being currently served*.

(Emphasis added.)

At issue in this case is the language of the statute italicized above and, more specifically, when a sentence is "being currently served" for purposes of imposing sentence for committing an assault or battery upon certain personnel. Nugent argues that *State v. Osborn*, 165 Idaho 627, 449 P.3d 419 (2019), controls the answer to this question. In *Osborn*, the Idaho Supreme Court considered whether the magistrate court properly awarded credit for time served under I.C. § 19-2603. Osborn pled guilty to two counts of violating a no-contact order and received consecutive jail sentences, but the sentences were suspended and Osborn was placed on probation. Osborn was later arrested on a bench warrant issued pursuant to probation violation allegations. After Osborn admitted violating his probation, the magistrate court revoked his probation and ordered his sentences executed. The magistrate court gave Osborn credit for time served from the issuance of the bench warrant to his probation violation admissions; however, it only awarded credit on one of Osborn's sentences because of their consecutive nature. On intermediate appeal, the

3

district court reversed and the State appealed. The Idaho Supreme Court affirmed the district court, concluding that, under the plain language of I.C. § 19-2603, Osborn was entitled to credit for time served against each suspended sentence. *Osborn*, 165 Idaho at 630, 449 P.3d at 422. The Court in *Osborn* also cited I.C. § 20-222 in support of its conclusion that Osborn was entitled to credit on both of his sentences, reasoning:

> [U]nder [I.C. § 20-222], a suspended sentence is not executed until the court has determined that a probation violation has occurred. Simply stated, Osborn did not begin serving his first suspended sentence when he was rearrested for the alleged probation violation. He did not begin serving his underlying sentences until he admitted the probation violations and the magistrate court revoked probation and imposed [executed[1]] the sentences that had been suspended.

*Osborn*, 165 Idaho at 631, 449 P.3d at 423.

Nugent argues that, "based on *Osborn*, [he] did not begin serving his suspended sentence in the 2017 case until he admitted the probation violations in that case, and the district court revoked probation and executed the sentence that had been suspended." Nugent is correct to an extent. Based on the Supreme Court's opinion in *Osborn*, a defendant is not serving an underlying sentence while in custody pending disposition of a probation violation; rather, the defendant only starts serving that sentence once probation is revoked and the underlying sentence is ordered executed. *Id.* But whether Nugent was serving his *underlying* sentence in the probation case when judgment was imposed in this case does not answer the question of whether he was serving "any sentence" as contemplated by I.C. § 18-915(3). The answer to that question turns on whether probation is a sentence--we conclude that it is.

Idaho Code Section 19-2513 sets forth the options for imposition of sentence, which includes probation. While probation is generally accompanied by an underlying sentence of incarceration that is suspended during the period of probation, that does not mean the defendant is not serving any sentence while on probation. A "sentence" is defined as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer." BLACK'S LAW DICTIONARY 1569 (10th ed. 2014). Even though probation is less

---

[1]     Although the magistrate court in *Osborn* ordered Osborn's sentences executed after revoking his probation, the sentences were imposed when judgment was entered. *See State v. Pedraza*, 101 Idaho 440, 442, 614 P.2d 980, 982 (1980).

restrictive than incarceration, it is still punishment--and it is still a sentence. *See id.* (defining types of sentences, including an "alternative sentence" as a sentence other than imprisonment).

Characterizing probation as a sentence is consistent with I.C. § 19-2521, which governs the *sentencing* criteria for determining whether to place a defendant on probation or impose prison. *See* I.C. § 19-2521(1)(a) (stating that a "sentencing court should first consider placement in the community" and noting goals of sentencing, including punishment); *see also State v. Lafferty*, 125 Idaho 378, 382, 870 P.2d 1337, 1341 (Ct. App. 1994) (recognizing probation can satisfy the State's interest in punishment). Characterizing probation as a sentence is also consistent with the plain language understanding, reflected in numerous cases, that a sentence can take the form of probation. *See, e.g.*, *State v. Doe*, 143 Idaho 343, 345, 144 P.3d 597, 599 (2006) (explaining "Doe was sentenced to probation for felony domestic battery"); *State v. Chapman*, 121 Idaho 351, 351, 825 P.2d 74, 74 (1992) (stating "Chapman was originally convicted of battery with the intent to commit rape and was sentenced to probation, but the district court later revoked Chapman's probation because he violated its terms"); *Roles v. State*, 100 Idaho 717, 718, 604 P.2d 731, 732 (1979) (stating that a "co-defendant was sentenced to probation for his burglary conviction); *Leytham v. State*, 160 Idaho 764, 769, 379 P.3d 354, 359 (Ct. App. 2016) (describing post-conviction claim that was based on counsel's advice that the defendant "would be sentenced to probation rather than incarceration"); *Groves v. State*, 156 Idaho 552, 556, 328 P.3d 532, 536 (Ct. App. 2014) (stating that defendant "was sentenced to probation and was eventually discharged from probation"); *State v. Brazzell*, 118 Idaho 431, 437, 797 P.2d 139, 145 (Ct. App. 1990) (explaining that witness who testified against defendant was "released from confinement on a plea agreement and sentenced to probation").

Because Nugent was serving a sentence when the district court imposed sentence in this case, I.C. § 18-915(3)(b) required that the sentence in this case be consecutive. Nugent has failed to show the district court abused its discretion by imposing a consecutive sentence.[2]

**B.      Excessive Sentence**

Nugent contends that the district court abused its discretion when it imposed a unified sentence of five years, with a minimum period of confinement of three years, because that sentence

---

[2]      We note that the district court also acknowledged it had discretion to impose a consecutive sentence regardless of its interpretation of I.C. § 18-915(3)(b). This observation reflects an independent basis for imposing a consecutive sentence.

is excessive considering any view of the facts. Nugent further argues that the district court failed to adequately consider mitigating factors, including the difficult phone call he had been on prior to attacking the deputy, Nugent's difficult upbringing, and his family support.

Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. The district court identified the correct legal standards, correctly perceived sentencing as a discretionary decision, acted within the boundaries of its discretion, and exercised reason when imposing Nugent's sentence. Nugent has failed to show the district court abused its sentencing discretion.

## IV.

## CONCLUSION

The district court correctly determined that I.C. § 18-915(3)(b) required imposition of a consecutive sentence in this case. Nugent has also failed to show that the district court abused its sentencing discretion. Accordingly, Nugent's judgment of conviction and unified sentence of five

years, with a minimum period of confinement of three years, for assault or battery upon certain personnel is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.