Theodore **WITTL**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49A04–0702–CR–104.

Court of Appeals of Indiana.

Nov. 27, 2007.

---

Ruth Johnson, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Theodore Wittl ("Wittl") pleaded guilty in Marion Superior Court to Class D felony auto theft and Class A misdemeanor criminal recklessness and was ordered to pay $4,918.80 in restitution to Hertz Rental Car of Louisville, Kentucky ("Hertz"). Wittl appeals the amount of ordered restitution. We affirm.

### Facts and Procedural History

On November 25, 2006, police stopped Wittl on Interstate 65 in Marion County for speeding and erratic driving. A license plate check revealed that the car Wittl was driving had been reported stolen by Hertz. The State charged Wittl with auto theft and criminal recklessness. Wittl pleaded guilty to both charges pursuant to a plea agreement the terms of which capped the executed sentence at 545 days and restitution at $8000.

Following a sentencing hearing on January 18, 2007, the trial court sentenced Wittl to concurrent terms of one year for auto theft and 110 days for criminal recklessness. The trial court heard testimony from a Hertz representative and argument from Wittl and the State on restitution and took the matter under advisement. On January 22, 2007, the court issued an order stating:

> The Court finds that based on the testimony of the representative from Hertz Rental Car that the Defendant shall be ordered to pay restitution in the amount of $4,918.80. The Court finds that from April 30, 2006 through November 25, 2006 that thirty weeks passed when Hertz Rental Car did not have the vehicle, which the defendant stole, in [its] possession to lease to other customers which resulted in lost earnings. The representative of Hertz testified that the company would have been able to rent this vehicle out to customers approximately 4 days per week at a cost of

$40.99 per day. The Court finds that the lost earnings suffered by Hertz Rental Car based on the defendant stealing [its] rental car are $4,918.80. Appellant's App. p. 25. Wittl now appeals.

## Discussion and Decision

Wittl argues that the trial court abused its discretion when it ordered him to pay restitution to Hertz in the amount of $4918.80. The purpose of a restitution order is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victims caused by the offense. *Henderson v. State*, 848 N.E.2d 341, 346 (Ind.Ct.App. 2006) (citing *Carswell v. State*, 721 N.E.2d 1255, 1259 (Ind.Ct.App.1999)). An order of restitution is a matter within the sound discretion of the trial court, and we will only reverse upon a showing of an abuse of that discretion. *Id.* (citing *Roach v. State*, 695 N.E.2d 934, 943 (Ind.1998)). An abuse of discretion occurs if the court's decision is clearly against the logic and effects of the facts and circumstances before it. *Id.* (citing *Palmer v. State*, 704 N.E.2d 124, 127 (Ind.1999)).

Indiana Code section 35–50–5–3(a) (2004 & Supp.2007) provides, in relevant part:

[I]n addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime, the victim's estate, or the family of a victim who is deceased. The court shall base its restitution order upon a consideration of:

\* \* \*

(4) earnings lost by the victim (before the date of sentencing) as a result of the crime including earnings lost while the victim was hospitalized or participating in the investigation or trial of the crime[.]

Wittl argues that the restitution statute does not "specifically authorize a trial court to provide restitution to a business for lost income" and that "[l]oss of earnings is generally interpreted as a loss of wages." Br. of Appellant at 8. However, the term " '[e]arnings' is defined as '[r]evenue gainéd from labor or services, from the investment of capital, or from assets." *Henderson*, 848 N.E.2d at 346 (quoting Black's Law Dictionary 526 (7th ed.1999)). While a crime victim's lost earnings may more often take the form of lost wages, nothing in the language of the statute limits earnings to wages only.

Wittl also argues that the ordered restitution amount is speculative. Wittl seems to contend that restitution for the lost rental earnings on the car would only be proper if Hertz could verify the exact number days it would have been able to rent the car, had Wittl not stolen it. Here, the Hertz representative testified that Wittl failed to return the rental car for 238 days, that on average Hertz rents the cars on its lot three to four days a week, and that the daily rental rate for this vehicle was $40.99. Tr. pp. 27–28. *See Coffel v. Perry*, 452 N.E.2d 1066, 1069 (Ind.Ct.App. 1983) ("Where converted property is returned, damages for the deprivation of the use of the property may be measured by the fair rental value for the period of conversion.") Under these facts and circumstances we cannot conclude that the trial court abused its discretion when it ordered Wittl to pay fair rental value of $4918.80 in restitution to Hertz.

Affirmed.

NAJAM, J., and BRADFORD, J., concur.