**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46426**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Opinion Filed: April 8, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| DAVID ROY BAKKE, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Order of restitution and order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff D. Nye, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

David Roy Bakke was convicted of grand theft and ordered to pay $2,549.83 in restitution. On appeal, Bakke argues the district court abused its discretion because its restitution order was not supported by substantial evidence. Additionally, Bakke contends the district court abused its discretion in denying his Idaho Criminal Rule 35 motion for reduction in sentence because it did not consider his evidence of good conduct while incarcerated. Because the district court's restitution order is supported by substantial evidence and the court adequately considered Bakke's good conduct while incarcerated when it denied his Rule 35 motion, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bakke rented a vehicle from Avis[1] and signed a rental agreement that included its hourly, daily, and weekly rental rate. Although it was due to be returned to Avis the following day, Bakke did not return the vehicle. After several failed attempts to contact Bakke about returning the vehicle, Avis was eventually able to communicate with Bakke through text messaging to Bakke's cell phone. Avis repeatedly stated through these text messages that Bakke needed to return the vehicle. Bakke replied that he needed the vehicle for medical reasons and that Avis was evil, malicious, and harassing him about returning the vehicle.

About three weeks after the vehicle was due to be returned, Bakke texted Avis and stated he had called to extend the rental for a few weeks. Avis had no record of the call. Avis responded to the text message, indicating that extending the rental was not an option and Bakke needed to return the vehicle. Avis told Bakke that if he did not return the vehicle, it would be reported as stolen. Bakke stated that if he was arrested, Avis would not get any of the money owed. Bakke would not tell Avis when he planned to return the vehicle. Ultimately, Avis reported the vehicle as stolen.

Seventeen weeks and one day after Bakke rented the vehicle, a police officer in Nevada saw the vehicle, ran its license plates through the law enforcement system, and was alerted that the vehicle had been reported as stolen. The officer pulled the vehicle over and arrested Bakke, who was driving. After Bakke returned to Idaho, the State charged him with felony grand theft.

At trial, both the State and Bakke submitted a copy of the rental agreement as evidence, which was signed and initialed by Bakke. The rental agreement stated the rental term was for one day and, similarly, the estimated time and mileage charges reflected one day of rental. However, in addition, the agreement included the hourly, daily, and weekly charges for the vehicle. The specified weekly rental rate of the vehicle was $149.99, plus applicable taxes and fees. The State presented testimony that Bakke kept the vehicle for seventeen weeks and one

---

[1]     The record is inconsistent in its reference to the name of the rental company; it includes references to Avis Car Rental and Budget Car Rental, members of the same parent company. This Court has chosen to refer to the company as Avis to reflect continuity with the district court's order of restitution.

day before the vehicle was returned to Avis following Bakke's arrest. Avis was only able to collect payment from Bakke's credit card for the first day Bakke possessed the vehicle.

At trial, the State also presented evidence indicating that Bakke knew Avis required and was actively seeking the immediate return of the vehicle. However, Bakke testified that he believed he was validly renting the vehicle for the weekly rate specified in the rental agreement for the entirety of the time he had the vehicle. Specifically, Bakke testified that he believed he could keep the vehicle for as long as he wanted at the weekly rate, which he wished to do because he had no other form of reliable transportation. Bakke testified Avis "gave me the best weekly rate that I had there ever" and Avis was "offering an excellent weekly rate, so I thought I'd indulge and try and get that weekly rate." Additionally, Bakke testified that he believed Avis was "authorized to take what they needed off my credit card to pay whatever weekly rate that I had been situated with," and he was willing to pay Avis what it was owed "in full."

The jury found Bakke guilty of grand theft, Idaho Code § 18-2403(1), and the district court sentenced Bakke to a unified sentence of three years, with one year determinate. At the sentencing hearing, the State sought $3,205.20 in restitution as compensation for Avis's economic loss as a result of Bakke's conduct. Because Bakke's counsel requested additional time to review the calculations underlying the State's figure, the district court reserved the issue and scheduled a restitution hearing. The day after the district court entered the judgment of conviction, Bakke filed an Idaho Criminal Rule 35 motion for reconsideration of sentence.

At the restitution hearing, Bakke's counsel advised the district court that he was no longer able to represent Bakke in the proceedings because Bakke filed a bar complaint against him. The court ordered Bakke be assigned conflict counsel and continued the hearing.

Subsequently, Bakke filed a pro se Rule 35 motion for reduction of sentence. Bakke raised several claims, including that he exhibited good conduct while incarcerated, completed programming, remained discipline free, and had various support systems to aid him upon release. The district court held a hearing to address Bakke's outstanding Rule 35 motion and the issue of restitution.

At the hearing, the district court acknowledged Bakke's pro se Rule 35 motion. Although the motion was untimely, the court stated it would consider the filings as supplemental documents in support of Bakke's timely, yet unresolved, previously filed Rule 35 motion. Bakke and his conflict counsel presented argument in support of the motion.

3

During the court's consideration of the issue of restitution at the hearing, the State amended its previous restitution request to $2,549.83, to represent the signed contractual rate of $149.99 per week for the seventeen weeks Bakke possessed the vehicle without rendering payment to Avis. The State did not introduce any new testimony or evidence at the hearing, instead relying only upon the signed rental agreement. Bakke objected to the figure as excessive. He argued it did not accurately reflect Avis's economic loss because the State had not provided evidence that Avis would have been able to rent the vehicle for every day of the seventeen-week period.

Subsequently, the district court issued an order denying Bakke's Rule 35 motion for reduction in sentence. The court listed the supporting documents that Bakke filed and stated, after consideration of the entirety of the record and arguments presented by both parties, the underlying facts of the case demonstrated the original sentence was appropriate.

Additionally, the district court entered an order of restitution, finding:

> Economic loss, as defined in the statute, includes, *but is not limited to*, tangible losses such as the value of property taken [or take[n]], lost wages, and direct out-of-pocket losses or expenses. Defendant wrongfully retained the victim's vehicle for a full 17 weeks without paying for the use of the vehicle, depriving the victim of the economic benefits of the vehicle. The Court finds that the weekly charge for the vehicle, that Defendant has admitted that he agreed to pay, multiplied [by] the amount of time that Defendant wrongfully possessed the vehicle, is an entirely accurate reflection of the economic loss to the victim.

Accordingly, the court entered a restitution order for $2,549.83. Bakke timely appeals.

## II.

## ANALYSIS

On appeal, Bakke alleges the district court abused its discretion when it entered a criminal restitution order for $2,549.83 because the amount was not supported by substantial evidence. Specifically, Bakke argues the State did not establish that Avis would have been able to rent the vehicle for every day of the seventeen-week period that it was in Bakke's possession. Additionally, Bakke asserts the court abused its discretion when it denied his Rule 35 motion because it did not consider the new information he provided regarding his good conduct while incarcerated.

### A.    The District Court Did Not Abuse Its Discretion in Its Order of Restitution

Bakke argues when a defendant keeps rental property past its return date, the restitution order must reflect what the victim could have earned from having the property in its possession

4

to rent to others, not what was owed under the contract. Therefore, Bakke contends the State did not establish that Avis suffered an actual economic loss of $2,549.83 as a result of Bakke's conduct because it did not provide evidence that Avis would have been able to rent the vehicle to others for every day within the seventeen-week period. In response, the State contends the market value of a stolen item is an appropriate basis for calculating economic loss under the restitution statute, and the State presented sufficient evidence that $2,549.83 represented the market value for renting the vehicle for the seventeen-week period, which Bakke had previously agreed to pay.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

The policy behind Idaho's restitution statute favors full compensation to crime victims who suffer economic loss as a result of a defendant's criminal conduct. *See Bybee*, 115 Idaho at 543, 768 P.2d at 806. The legislature established that economic losses are to be determined by a civil preponderance of the evidence standard so that criminal trial courts are able to resolve issues of restitution, "thus freeing the crime victim of the burden of instituting a civil action based on the same conduct, and our court system from unnecessary, repetitive trials." *Richmond*, 137 Idaho at 38-39, 43 P.3d at 797-98. In this way, restitution clearly benefits the crime victims by obviating the need to incur the cost and inconvenience of a separate civil action; however "[r]estitution orders also operate for the benefit of the state, in part because they promote the

rehabilitative and deterrent purposes of the criminal law." *State v. Card*, 146 Idaho 111, 114, 190 P.3d 930, 933 (Ct. App. 2008).

When a trial court is faced with an issue of restitution, it may order restitution for any economic loss the crime victim actually suffered. I.C. § 19-5304(2). The statute gives a broad definition of economic loss, *State v. Olpin*, 140 Idaho 377, 379, 93 P.3d 708, 710 (Ct. App. 2004), providing:

> "Economic loss" includes, but is not limited to, the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct, but does not include less tangible damage such as pain and suffering, wrongful death or emotional distress.

I.C. § 19-5304(1)(a). Accordingly, courts have recognized the wide scope of the definition of economic loss. Its protection covers economic losses that are both the actual and the proximate cause of the defendant's actions, *State v. Reale*, 158 Idaho 20, 25, 343 P.3d 49, 54 (Ct. App. 2014), and includes losses where the actual amount may be difficult to prove with absolute certainty, *see State v. Lombard*, 149 Idaho 819, 823, 242 P.3d 189, 193 (Ct. App. 2010).

Bakke relies on *People v. Thygesen*, 81 Cal. Rptr. 2d 886 (1999) to support his contention that to accurately reflect a victim's economic loss, a restitution order must account for how often the rental item was historically rented and the annual income it produced. In *Thygensen*, the defendant rented a cement mixer from a small equipment rental company and failed to return it on time. *Id.* at 887. When contacted by the rental company, the defendant claimed the mixer had been stolen. *Id.* The company never replaced the mixer and, eventually, the defendant pled guilty to its theft. *Id.* at 888. The district court gave the company the choice between a restitution order that reflected the replacement cost of the mixer or its loss of use, based upon the mixer's monthly rental rate, multiplied by the number of months between when the defendant rented it and the restitution hearing. *Id.* The rental company chose the latter which reflected the larger amount. *Id.*

On appeal, the court referenced the statutory parameters and purpose of California's restitution statute, and held that when an item is stolen from a business, the restitution order may reflect: (1) the replacement of like property; *and* (2) a reasonable amount to sufficiently compensate for the loss of use. *Id.* at 890. When determining a reasonable amount for loss of

6

use, the court noted there should be evidence of how often the item was rented and the income the item historically produced. *Id.*

The court held the restitution order was not supported by sufficient evidence, in part, because there was no evidence to support the district court's calculation of the loss of use. *Id.* The only information before the district court was the monthly rental rate of the mixer; there was no testimony or documentary evidence about how often the mixer was rented or the income the mixer historically generated. *Id.* Instead, the record affirmatively indicated the loss of use to the company from the mixer's absence was far less than its monthly rental rate because the company never replaced the mixer, despite its relatively low replacement cost--"had the mixer been that valuable, [the company] would have replaced it in a heartbeat. The fact that [the company] did not do so leads to the suspicion that the mixer was not all that profitable or essential to the business." *Id.*

The facts in this case differentiate it from *Thygensen*. The court in *Thygensen* was confronted with a situation in which a renter informs the rental company that property cannot be returned (because it had been stolen), and ultimately the company never saw the property returned. Therefore, a court must determine the replacement cost of the property and speculate as to the company's reasonable economic loss resulting from its loss of use. However, here, no such speculative determination, which would naturally involve consultation of historical rental data, is required because Avis's economic loss was not speculative. Avis lost the agreed-upon weekly rental rate for seventeen weeks. Therefore, the inquiry is simply a determination of the proper measure for economic loss when an individual rents an item at an agreed upon rate and fails to compensate the rental company accordingly once the item is returned. Although this Court has not faced the issue of determining restitution in this scenario, we have previously emphasized when determining restitution liability, "it would be an anomaly for [a defendant] to profit by his own wrongdoing." *State v. Hill*, 154 Idaho 206, 213, 296 P.3d 412, 419 (Ct. App. 2012).

When faced with a defendant convicted of illegally possessing and then returning a vehicle, other courts have held the rental rate of the vehicle is an appropriate measure for calculating the victim's economic loss. *See Wittl v. State*, 876 N.E.2d 1136, 1138 (Ind. Ct. App. 2007) (holding that where converted property is returned, damages for deprivation of use of property may be measured by fair rental value for period of conversion).

7

The undisputed facts demonstrate that Bakke agreed to a specific hourly, daily, and weekly rate. He testified he thought the weekly rate was more than reasonable and he intended to take advantage of it. Bakke signed and initialed the agreement and provided his credit card to Avis for payment collection. Bakke testified he believed he had validly rented the vehicle for the weekly rate, he legally possessed the vehicle for the seventeen-week period, and Avis was authorized to collect the weekly rate from his credit card. By testifying that he agreed and Avis was authorized to collect the weekly rental rate through his credit card, we find Bakke's argument unpersuasive that he is not obligated to pay Avis the amount of the weekly rental of the vehicle.

In assessing the relevant economic loss, the district court determined what Avis could have rented the vehicle for based upon what it actually rented the vehicle for. Therefore, the district court determined that Avis could have rented and actually did rent the vehicle for $149.99 a week, based on the terms of the rental agreement between Bakke and Avis. As such, Avis's economic loss is not speculative, and the district court's determination that the weekly rate Bakke agreed to pay, multiplied by the seventeen weeks Bakke unlawfully retained the vehicle, was an accurate measure of the economic loss to the victim. Therefore, Avis incurred an economic loss of $2,549.83. As the restitution order accurately reflected this amount, the district court did not abuse its discretion.

**B.      The District Court Did Not Abuse Its Discretion by Denying Bakke's Rule 35 Motion**

Bakke alleges the district court abused its discretion by denying his Rule 35 motion for reduction of sentence. Bakke reasons his participation in rehabilitative and pre-release programming and his good behavior during incarceration supported a reduction in his original sentence and the district court erred by failing to consider this new information. In response, the State argues the trial court is not required to consider post-sentencing good behavior as a mitigating factor in an individual's sentence when addressing a Rule 35 motion. Alternatively, the State contends that even if a defendant's good behavior should be considered, the district court's sentence was reasonable.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of

8

new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

Although good conduct while incarcerated is worthy of a trial court's consideration, it may not necessarily result in a reduction of a prisoner's sentence. *State v. Gain*, 140 Idaho 170, 176, 90 P.3d 920, 926 (Ct. App. 2004). The evidence must be viewed in light of the entire record, with recognition that good conduct while incarcerated may not be an accurate indicator of the individual's future conduct in a noncustodial setting. *Id.; see also State v. Gonzales*, 122 Idaho 17, 20, 830 P.2d 528, 531 (Ct. App. 1992) (holding district court did not abuse its discretion by denying defendant's Rule 35 motion, even when defendant exercised good conduct while incarcerated and had support system in place upon release).

Here, Bakke acknowledges the district court expressed it would consider Bakke's supplemental filings in support of his Rule 35 motion and listed the supplemental documents in its order denying the motion. However, Bakke argues the district court did not properly consider these documents because it expressed Bakke had offered "no new information" to support his Rule 35 motion in its order denying a reduction in his sentence. The district court repeatedly expressed, both at the hearing and in its order, that it would and did consider the entire record in making its determination, including Bakke's supplemental filings and oral argument at the Rule 35 hearing. Additionally, the court listed the supplemental documents taken into account in its order.

Even after consideration of this additional information, the court found the underlying sentence was reasonable, given the underlying facts of Bakke's criminal case. The district court stated:

> In deciding whether to grant a Rule 35 motion, this Court must determine whether the sentence, as originally imposed is unreasonable, and whether the new or additional information render that sentence unreasonable. Defendant has offered no new information in his written letters to the court or in oral argument at hearing on this matter.

Immediately after this statement, the court found that the underlying facts of Bakke's case demonstrated the sentence was not unreasonable. Therefore, in context, the district court did not find that Bakke failed to present new information; it found, given the facts of the case, Bakke's

9

documentation and argument did not provide new information that rendered the original sentence unreasonable. Because the district court considered evidence of Bakke's good conduct while incarcerated, but reasonably found that a reduction in sentence was not appropriate, the court did not abuse its discretion in denying Bakke's Rule 35 motion.

## III.

## CONCLUSION

The district court's restitution order was supported by substantial evidence and accurately reflected Avis's economic loss. Additionally, the court's denial of Bakke's Rule 35 motion did not constitute an abuse of discretion. Accordingly, the district court's order of restitution and order denying Bakke's Rule 35 motion are affirmed.

Judge GRATTON and Judge LORELLO **CONCUR**.