IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48659

| | |
|---|---|
| DAVID ROY BAKKE, | ) |
| | ) Filed: May 10, 2022 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment dismissing petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

David Roy Bakke appeals from the district court's judgment dismissing his petition for post-conviction relief. Bakke was convicted in the underlying criminal case of grand theft for retaining a rental vehicle without paying for it. Bakke alleges the district court abused its discretion when it denied Bakke's discovery motion related to his claim of ineffective assistance of trial counsel for failing to obtain phone and vehicle rental history records. Bakke argues that because the district court erred in denying the discovery request, it erred in subsequently dismissing the above claims of ineffective assistance of counsel and his petition. Discovery in a post-conviction action is not required unless it is necessary to protect a petitioner's substantial rights. Neither the phone nor the vehicle history records are necessary to protect one of Bakke's substantial rights, and the district court did not abuse its discretion by denying Bakke's discovery motion. Bakke failed to allege a genuine issue of material fact regarding his claim of ineffective assistance of trial

1

counsel; consequently, the district court did not err in dismissing the claim, specifically, or the petition, generally. The judgment dismissing Bakke's petition for post-conviction relief is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Bakke guilty of grand theft for retaining a rental vehicle for approximately four months without paying for it despite repeated contact with, and requests from, the rental company to return the vehicle. *State v. Bakke*, 168 Idaho 226, 228, 481 P.3d 1197, 1199 (Ct. App. 2020). Bakke filed an Idaho Criminal Rule 35 motion, which was denied. Bakke appealed, and this Court affirmed the district court's order of restitution and denial of Bakke's Rule 35 motion. *Id.* at 233, 481 P.3d at 1204.

Bakke filed a petition for post-conviction relief raising various claims, and the district court appointed Bakke counsel. Bakke filed an amended petition for post-conviction relief alleging, in part, ineffective assistance of counsel for failing to obtain phone records that would show frequent communication between Bakke and Avis during the time period Bakke retained the vehicle; financial records that would show Bakke made payments to Avis during that time period; and rental records that would show the course of dealings between the parties and that Bakke had a history with Avis of full payment upon returning vehicles.[1] Bakke filed a motion for discovery to subpoena the phone, financial, and rental history records to support his post-conviction claims. After a hearing, the district court granted Bakke leave to subpoena his financial records for the relevant time period but found Bakke's other discovery requests were irrelevant and/or speculative, and the court denied the remainder of the motion to subpoena the phone and rental history records.

The district court held an evidentiary hearing on Bakke's petition for post-conviction relief at which Bakke and the two attorneys, Rodriquez and Essma,[2] who represented Bakke during his underlying criminal proceeding testified. The district court made factual findings regarding the actions of each of Bakke's trial attorneys. Although there was conflicting testimony about the phone and rental history records, the district court found that "despite whatever records Petitioner

---

[1] Bakke made other allegations in his post-conviction petition, none of which are at issue in this appeal.

[2] Rodriguez represented Bakke prior to trial, and Essma appeared shortly before trial and represented Bakke during the trial.

communicated to Essma that he wanted to obtain prior to trial" and despite Essma explaining that a continuance of the trial was necessary to obtain and adequately analyze these records, Bakke did not want to continue the trial and chose to go to trial without the documents.

First, the district court held Bakke did not allege a genuine issue of material fact regarding his claims to establish ineffective assistance of counsel for failure to obtain his phone records. The district court found neither Rodriquez nor Essma acted deficiently in not obtaining the phone records because they were not put on notice of facts that would give rise to a need to investigate these records. Further, the district court found even if counsel were put on notice of the importance of the phone records, Bakke told Essma not to seek the records because it would have required a continuance of the trial; consequently, Bakke could not establish trial counsel acted unreasonably in pursuing that trial strategy.[3] Finally, the district court held Bakke could not establish prejudice even if counsel acted deficiently, because the records would merely indicate the number of calls made or attempted between the parties, not the substance of the calls. Bakke also did not show how the records would have a reasonable probability of disproving an element of grand theft. Thus, the district court found any assertion that the phone records would have changed the outcome of the case would be speculative.

Second, the district court found that Bakke did not establish ineffective assistance of counsel for the failure to obtain his past rental history. Again, because Bakke instructed Essma to

---

[3]     The district court's factual findings are unchallenged by either party, and the court found that Bakke did not inform Rodriguez or Essma of any exculpatory evidence in his phone or rental history records and Bakke specifically instructed Essma to proceed to trial without subpoenaing any records. When evaluating a claim for ineffective assistance of counsel, "this Court does not second-guess strategic and tactical decisions . . . unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review." *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2007). There is a strong presumption that counsel's performance was within the range of acceptability, particularly as to things like defense counsel's choice of witnesses, manner of cross-examination, and lack of objections to testimony, which are generally considered to fall within the realm of tactical or strategic decisions. *Giles v. State*, 125 Idaho 921, 924, 877 P.2d 365, 368 (1994). Trial counsel's failure to obtain documents was done after consultation with Bakke and in accordance with Bakke's wishes, and thus, was a reasonable trial strategy. As such, Bakke cannot establish deficient performance and his claims of ineffective assistance of counsel fail on the merits.

proceed to trial without the records, Bakke could not establish deficient performance. Even if Bakke had established counsel acted deficiently by failing to obtain the rental history records, the district court found Bakke was not prejudiced by the deficiency because, despite any flexible relationship between Bakke and Avis in the past, the evidence of Avis's contacts with Bakke "overwhelmingly disprove[d]" the existence of permission to retain the car in the underlying criminal case. The district court found Bakke did not allege any genuine issue of material fact as to the claims of ineffective assistance of counsel and entered a judgment dismissing Bakke's petition. Bakke timely appeals.

## II.

## STANDARD OF REVIEW

Whether to authorize discovery is a matter directed to the discretion of the court. *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Bakke alleges the district court abused its discretion when it denied his discovery motion for his phone and rental history records; therefore, the dismissal of his claims of ineffective assistance of counsel relating to these records, and the ultimate dismissal of the petition, was in error. In response, the State alleges the district court did not err by denying Bakke's discovery motion for his phone and rental history records and dismissing his petition for post-conviction relief.

4

When a petitioner believes discovery is necessary for acquisition of evidence to support a claim for post-conviction relief, the petitioner must obtain authorization from the district court to conduct discovery. I.C.R. 57(b); *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. Discovery in a post-conviction action is not required unless necessary to protect a petitioner's substantial rights. *Murphy v. State*, 143 Idaho 139, 148, 139 P.3d 741, 750 (Ct. App. 2006); *Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992). Discovery may be denied where the petitioner's claims are nothing more than speculation, unsupported by any evidence. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. Indeed, discovery may not be used to engage in fishing expeditions, as post-conviction actions provide a forum for known grievances, not an opportunity to search for them. *Murphy*, 143 Idaho at 148, 139 P.3d at 750. Accordingly, before any post-conviction petitioner will be permitted to conduct discovery, he must identify the specific subject matter(s) where discovery is requested and why discovery as to the matter(s) is necessary to his petition. *State v. Dunlap*, 155 Idaho 345, 390, 313 P.3d 1, 46 (2013).

Bakke contends he needed his phone and rental history records to provide the factual support for his claims of ineffective assistance of trial counsel; thus, the records were necessary to protect his right to assistance of counsel. Although the right to assistance of counsel is a substantial right, a petitioner is not entitled to discovery simply by asserting that it would aid his ineffective assistance of counsel claim; as with all grounds for post-conviction relief, the discovery must be necessary to protect his right to assistance of counsel. *Leytham v. State*, 160 Idaho 764, 768, 379 P.3d 354, 358 (Ct. App. 2016) ("While the right to assistance of counsel is a substantial right, discovery was not necessary to protect that right in this case."). Thus, the threshold issue is whether discovery of Bakke's phone and rental history records was necessary to protect Bakke's right to assistance of trial counsel.

In support of his argument that his phone and rental history records were necessary to protect his right to assistance of counsel, Bakke relies on the decisions in *Baldwin v. State*, 145 Idaho 148, 177 P.3d 362 (2008) and *Murphy*. In *Baldwin*, Baldwin and officers had significantly different descriptions of the course of events leading up to Baldwin's charge of, and ultimate conviction for, possession of a controlled substance. *Baldwin*, 145 Idaho at 151, 177 P.3d at 365. Baldwin filed a petition for post-conviction relief alleging various claims of ineffective assistance of counsel, including a claim that trial counsel acted unreasonably in failing to file a motion to suppress. *Id.* Through appointed counsel, Baldwin filed a discovery motion requesting, in part,

5

an officer's audio tape of his interaction with Baldwin, which Baldwin believed would support his version of events, and as a result, provide factual support for his claim of ineffective assistance of counsel. *Id.* at 154-55, 177 P.3d at 368-69. Baldwin argued he needed a discovery order because absent such order, he had no independent means of obtaining the officer's audio recording. *Id.* at 154, 157, 177 P.3d at 368, 371. The district court never ruled on Baldwin's discovery motion and summarily dismissed Baldwin's petition for post-conviction relief. *Id.* at 152, 177 P.3d at 366. Baldwin appealed. *Id.*

On appeal, Baldwin alleged, among other claims, that the district court abused its discretion by failing to rule on, and grant, Baldwin's discovery motion. *Id.* at 157, 177 P.3d at 371. The Supreme Court reversed the district court's summary dismissal of the petition and remanded the case, holding there was a genuine issue of material fact regarding Baldwin's claim of ineffective assistance of counsel for failing to file a motion to suppress. *Id.* The Court did not engage in any substantive analysis of Baldwin's discovery claim and provided only the following conclusion:

> As guidance on remand, it does appear that [Baldwin] should be provided the opportunity to learn whether an audiotape does exist and what Officer Johnson may have to say regarding the interaction with Baldwin. This opportunity need not take the form demanded by Baldwin but, rather, should be determined in the sound discretion of the trial court.

*Id.*

In contrast, in *Murphy* this Court conducted an analysis of whether civil discovery was necessary to protect Murphy's substantial rights. There, in the underlying criminal case, Murphy was charged with the first degree murder of her husband. *Murphy*, 143 Idaho at 143, 139 P.3d at 745. An autopsy report prepared three days after Murphy's death stated the cause of death was indeterminate, indicating that suicide was a possibility. *Id.* at 144, 448, 139 P.3d at 746, 750. The pathologist who prepared the report testified at the grand jury proceeding and his testimony was consistent with his autopsy report that the manner of death was indeterminate. *Id.* at 143, 139 P.3d at 745. Murphy maintained her innocence throughout the criminal proceedings, claiming that her husband died by suicide. *Id.* On the eve of trial, more than four years after Murphy's husband's death, the pathologist changed his opinion about the manner of death to "homicide" after examining the gun involved and the gunshot residue report for the first time. *Id.* at 144, 139 P.3d at 746. The pathologist testified that this conclusion was based on a number of factors, including the angle of the wound and evidence that Murphy's husband was unconscious, despite these facts remaining unchanged in the four-year period since he rendered his autopsy report and gave his

grand jury testimony. *Id.* at 149, 139 P.3d at 751. Defense counsel moved for a mistrial, but did not request a continuance based on this change of position. *Id.* at 144, 139 P.3d at 746. At the conclusion of the trial, the jury found Murphy guilty. *Id.*

Murphy subsequently filed a pro se application for post-conviction relief, raising numerous grounds for relief, including an ineffective assistance of counsel claim related to the pathologist's testimony. *Id.* Murphy was appointed post-conviction counsel who filed a motion for funds to retain an independent forensic pathologist to fully review the reports in the underlying criminal matter including, but not limited to, the autopsy report, gunshot residue report, pathology reports, and all other relevant evidence and related trial testimony. *Id.* The district court denied Murphy's request for funds to retain a pathologist and granted the State's motion for summary dismissal. *Id.* Murphy appealed, contending, in part, that the district court erred by denying her funding request. *Id.* This Court held the record raised serious questions on the reliability of the pathologist's opinion concerning the manner of Murphy's husband's death and that those questions "can only be addressed by an expert interpreting all the relevant facts and reports produced on this question." *Id.* at 149, 139 P.3d at 751. Thus, the record established that retaining an expert pathologist was necessary to protect Murphy's right to assistance of counsel. *Id.* at 147, 139 P.3d at 750.

Discovery of Bakke's phone records was not necessary to protect Bakke's right to assistance of counsel. First, unlike *Baldwin* and *Murphy*, there was evidence of the phone contact between Bakke and Avis admitted through State's Trial Exhibit 2. The district court took judicial notice of the exhibits admitted at the underlying criminal trial, one of which was State's Exhibit 2, the contact log between Avis and Bakke. That exhibit is not in the appellate record. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). Portions of the record missing on appeal are presumed to support the actions of the district court. *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992). As such, the district court's finding that State's Trial Exhibit 2 was a log of contacts between Bakke and Avis is uncontested and supports the district court's conclusion that discovery was not necessary to protect Bakke's substantial right to assistance of counsel.

Second, Bakke does not challenge the district court's factual finding that while the phone records may show that Bakke placed or received phone calls from Avis or his bank during the time period at issue, the records would not show the substance of those calls. Bakke similarly does not

7

challenge the district court's finding that "it would be truly speculative to conclude that the number of phone contacts [as opposed to the content of those contacts] would change the outcome of Petitioner's case." As such, the phone records were not necessary to protect Bakke's substantial right to assistance of counsel.[4]

Similarly, discovery of Bakke's rental history records with Avis are not necessary to protect his right to assistance of counsel. While Bakke asserts that his rental history records are necessary "to show that he had a course of dealing with the rental company of extending his rentals and squaring up with the company afterward," he cannot show those records are relevant to his underlying criminal conviction. The issue in Bakke's underlying criminal case was whether, in that particular instance, Bakke retained a rental vehicle without Avis's permission or payment. Bakke does not challenge the district court's factual finding that the evidence admitted in both the underlying criminal case and the post-conviction case "overwhelmingly disprove[d] the existence of permission from the rental company" for Bakke to retain the vehicle. Thus, Avis did not give Bakke permission to retain the vehicle and, as such, any documentation showing that for prior rentals Bakke returned and paid for the vehicles would not be relevant. Consequently, Bakke's rental history records were not necessary to protect Bakke's substantial right to assistance of counsel.

Bakke's argument that the district court erred in dismissing his claims of ineffective assistance of counsel, and subsequently, the petition for post-conviction relief, rests solely on his assertion that the court erred in failing to grant discovery for Bakke's phone and rental history records. Because neither Bakke's phone nor rental history records were necessary to protect Bakke's right to assistance of counsel, the district court did not abuse its discretion in denying Bakke's discovery motion for these records. Accordingly, the district court did not err in dismissing the claims of ineffective assistance of counsel or the petition.

---

[4] Although Bakke argued the phone records were necessary to demonstrate evidence of an increase in Bakke's credit line, the phone records were cumulative as to this claim. The district court granted Bakke discovery of his bank records, which were admitted at the evidentiary hearing and demonstrated an increase in Bakke's credit line.

## IV.
## CONCLUSION

The district court did not abuse its discretion by denying Bakke's discovery request for his phone and rental history records because neither affected Bakke's substantial right to assistance of counsel. Accordingly, the district court did not err in dismissing his claims of ineffective assistance of counsel in his petition for post-conviction relief, and the judgment dismissing Bakke's petition is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.