# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 50927

STATE OF IDAHO,               )

                                       )

    Plaintiff-Respondent,        )        Boise, February 2024 Term

                                       )

v.                                 )        Opinion Filed: May 30, 2024

                                       )

HEATHER LEE HAWKING,      )        Melanie Gagnepain, Clerk

                                       )

    Defendant-Appellant.         )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Gerald F. Schroeder, Senior District Judge; David D. Manweiler, Magistrate Judge.

The district court's order affirming the magistrate court's order is <u>reversed</u>. The case is <u>remanded to the district court with instructions to vacate the judgment of restitution and remand this matter to the magistrate court for further proceedings</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Justin M. Curtis argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Justin R. Porter argued.

———————————

MEYER, Justice.

In the scorching heat of mid-July, Heather Lee Hawking and her fifty cats, who had been living in her fifth-wheel trailer, sought refuge in a Super 8 hotel[1] room in Boise. They stayed for several days. During their stay, the cats caused significant damage to the hotel room, leading to Hawking being charged with and convicted of misdemeanor malicious injury to property.

A few months after Hawking's stay, the hotel was sold to a new owner. Following Hawking's conviction, the magistrate court that presided over the trial conducted an evidentiary hearing to determine restitution owing to the victim. Hawking appeals the Order for Restitution and Judgment. For the reasons stated below, we reverse the district court's order affirming the magistrate court's restitution award and remand this case to the district court with instructions to

---

[1] Throughout the record, Super 8 was referred to as a motel and, at other times, as a hotel. For consistency, this opinion will refer to the business as a hotel.

1

vacate the Order for Restitution and Judgment and remand the matter to the magistrate court for further proceedings consistent with this opinion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In July 2018, Hawking rented a room in the Boise Super 8 hotel, where she housed approximately fifty cats. Over five days, the cats caused extensive damage by scratching furnishings, fabrics, and fixtures, and urinating and defecating throughout the room. One cat gave birth to kittens under the bed's box springs. The State charged Hawking with felony malicious injury to property. I.C. § 18-7001(2). The State later amended the charge to misdemeanor malicious injury to property. I.C. § 18-7001(1). During the pendency of the case, the hotel was sold to a new owner.

After a bench trial, the magistrate court found Hawking guilty of misdemeanor malicious injury to property and scheduled an evidentiary hearing on restitution for a later date. During the contested restitution hearing, the State elicited testimony from three witnesses: Amber Schmidt, the victim restitution coordinator from the Ada County Prosecuting Attorney's Office; Tracy Fitzpatrick, the hotel's previous general manager; and Darcy Ryan, the hotel's general manager at the time of the hearing. Through Ms. Schmidt's testimony, the State submitted exhibits showing the cost of replacing items and repairing the room.

Ms. Fitzpatrick testified regarding the time when the hotel's ownership changed. She testified that she became the hotel manager in October 2018, several months after the incident occurred. Ms. Fitzpatrick testified:

> [T]here [were] no renovations done before the sale, and after the sale just that one room was what we were looking at for the pric[e] of repairing and replacing everything in that room.
>
>         . . . .
>
>         . . . I don't know what the old owner changed out possibly from the new room. So keep in mind . . . I didn't come on board until October[.] I don't know [how the old owner] piecemealed it to get through the sale, but the carpet had to be -- we were literally renting that room and we couldn't -- we were getting complaints left and right, I brought that up. So of course that devolved during the sale. . . .
>
>         . . . [W]hen the new owner came on board is when I alerted her . . . that we needed to gut that whole entire room because it was just -- it was in no condition to rent. So that's when I pushed her to get this room in order to where we could rent this room.

However, she did not know about "anything that went on during [the] sale process" and did not know if the new owner failed to inspect the property or walk through it before purchasing the hotel. She did not know if the "compensation for [the damaged] room was accounted for in the sale price[.]" However, some of the room items that were replaced were different from the items that were initially damaged because the former owner previously replaced some of the items. None of the witnesses provided testimony regarding specific details of the hotel's sale.

At the restitution hearing, Hawking posited that because the hotel was sold, the new owner was not the crime victim and not legally entitled to seek restitution. The State argued that the crime victim restitution statute defines victim broadly, and the hotel as an entity was ultimately a victim of this crime. The magistrate court, citing to Idaho Code section 19-5304(2), recognized that "a court is required to order a defendant, found guilty of any crime which results in economic loss to a victim, to make restitution to the victim unless the court finds restitution to be inappropriate or undesirable." The magistrate court rejected Hawking's argument and awarded "SUPER 8"[2] $3,708.40 in restitution. The magistrate court reasoned that the new owner took the property in a damaged condition due to the real estate contract and "stepped into the shoes of the previous owners" through that contract.

Hawking appealed the Order for Restitution and Judgment to the district court, which affirmed the magistrate court's order. Hawking subsequently appealed the district court's decision. The Idaho Court of Appeals affirmed the district court's decision. *State v. Hawking*, No. 49404, 2023 WL 2578396 (Ct. App. Mar. 21, 2023) (unpublished opinion). Hawking then petitioned this Court for review, which was granted.

## II. STANDARDS OF REVIEW

On a petition for review of a Court of Appeals decision before the Supreme Court, this Court seriously considers the views of the Court of Appeals, but directly reviews the lower court's decision. *State v. Gonzales*, 165 Idaho 667, 671, 450 P.3d 315, 319 (2019). When this Court reviews the decision of a district court sitting in its capacity as an appellate court, we are procedurally bound to affirm or reverse the district court's decision. *State v. Korn*, 148 Idaho 413, 414–15 & n.1, 224 P.3d 480, 481–82 & n.1 (2009). If the district court affirmed the magistrate court's decision and this Court determines that the magistrate court's findings of fact and conclusions of law are not supported by evidence in the record and are inconsistent with the law,

---

[2] "SUPER 8" is the listed victim in the Order for Restitution and Judgment. No additional information was provided.

3

we must reverse the district court. *See Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012).

The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Ingraham*, 172 Idaho 30, 39, 528 P.3d 966, 975 (2023). Where the statute's language is plain and unambiguous, this Court must give effect to the statute as written without engaging in statutory construction. *State v. Cheeney*, 144 Idaho 294, 297, 160 P.3d 451, 454 (Ct. App. 2007) (citations omitted). The statute's language should be given its plain, obvious, and rational meaning. *Id.* If the statute is not ambiguous, this Court does not construe it but follows the law as written. *See id.*

### III.   ANALYSIS

Hawking does not dispute that her conduct caused the damage to the room, nor does she dispute the amount of restitution that was ordered. However, she disputes to whom restitution is owed following the sale of the hotel to a new owner after she committed the crime. The issue on appeal is whether there was substantial and competent evidence in the record to support the magistrate court's finding and conclusion that the new owner of the Super 8 was the victim of Hawking's crime for the purposes of restitution.

After the restitution hearing, the magistrate court ordered Hawking to pay $3,708.40 to the new owner of Super 8. The magistrate court reasoned:

> [The] restitution statute does define the victim broadly. The new owners are essentially either an individual or entity that took the property essentially in a damaged condition due to a real estate contract. They essentially stepped into the shoes of the previous owners by way of that contract. I do find them to be appropriate victims for the purposes of restitution.[3]

Hawking argues that the magistrate court's conclusion that the new owner stepped into the previous owner's shoes for restitution purposes is an assumption not supported by substantial and competent evidence. Hawking argues that although both owners may have been doing business under the name "Super 8," the new owner is a different legal entity. Since the State failed to present evidence regarding the terms of the sale, there was insufficient evidence to show that the new hotel owner, rather than the former owner, was the victim. The State's position is that the subsequent sale of the hotel is irrelevant. The State focuses on the victim's designation as an "entity" and,

---

[3] As noted above, however, the restitution order lists SUPER 8 as the victim without any additional information.

citing Black's Law Dictionary, argues that Super 8 qualifies as a victim because it has a legal identity apart from its owner regardless of who owns it.

Idaho Code section 19-5304 governs orders to pay restitution to crime victims. *State v. Taie*, 138 Idaho 878, 879, 71 P.3d 477, 478 (Ct. App. 2003). The restitution statute provides that the sentencing court "shall order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim. . . . Restitution shall be ordered for any economic loss which the victim actually suffers." I.C. § 19-5304(2). The restitution statute recognizes four categories of victims. *See* I.C. § 19-5304(1)(e)(i)–(iv). This case concerns only the first category, a "directly injured victim," which is defined as "a person or entity, who suffers economic loss or injury as the result of the defendant's criminal conduct[.]" I.C. § 19-5304(1)(e)(i).

In a restitution hearing, it is the State's burden to establish, by a preponderance of the evidence, that the victim suffered an actual economic loss. *See State v. Loera*, 167 Idaho 533, 540, 473 P.3d 802, 809 (2020). However, each party may present evidence on whether a person or entity qualifies as a victim. *See* I.C. § 19-5304(6) ("Each party shall have the right to present such evidence as may be relevant to the issue of restitution[.]"). To meet its burden that "Super 8" was a directly injured victim, the State was therefore required to prove that Super 8: (1) was an entity or an assumed business name of a person or entity, and (2) suffered economic loss or injury as a result of Hawking's criminal conduct. We conclude that the State failed to establish either element by a preponderance of the evidence.

First, the State did not establish that Super 8 is an entity or the assumed business name of a person or entity. The State's argument that "Super 8" is an entity and the victim, regardless of who owns it, overlooks general principles of business formation and ownership. The State presented no evidence regarding whether Super 8 is an assumed business name or a legal entity registered to do business in the state of Idaho. When questioned at oral argument, the State insisted that Super 8 was an entity separate from the former or new owner but could not articulate what type of entity it was. The State's position fails to recognize that Idaho law defines "entity" as including corporations, partnerships, limited liability companies, and certain other trusts and associations. I.C. § 30-21-102(11) (definition of "entity"). An assumed business name is not an entity. *Compare* I.C. § 30-21-803(1) (definition of "assumed business name"), *with* I.C. § 30-21-102(11) (definition of "entity"). The State's failure to establish that Super 8 was an entity or an assumed business name is fatal to its restitution claim. This opinion is not intended to place an

additional burden on the State in every case where restitution is ordered. However, the State's insistence that Super 8 is an entity without evidence to support that assertion, combined with the hotel's subsequent sale, persuades us that the State did not meet its burden in this case.

Next, the State did not establish that Super 8 was the entity that suffered economic loss or injury as a result of Hawking's criminal conduct. In many cases, a "directly injured victim" who is entitled to restitution is the person or entity who suffered a loss when the crime was committed. *See State v. Adams*, 171 Idaho 347, 348, 521 P.3d 735, 736 (2022) (the directly injured victim was a co-owner of a business from which the defendant stole money); *State v. Corbus*, 150 Idaho 599, 601, 249 P.3d 398, 400 (2011) (the directly injured victim was a passenger injured by the defendant's reckless driving); *State v. Bakke*, 168 Idaho 226, 227–28, 481 P.3d 1197, 1198–99 (Ct. App. 2020) (the directly injured victim was the rental company from which the defendant rented a vehicle that the defendant did not return). In this case, the "directly injured victim" would simply be the business owner or entity operating the hotel when the crime was committed if it were not for the subsequent sale of the hotel to a new owner. Indeed, an entity can be a "directly injured victim" of a crime. Nevertheless, the directly injured victim could alternatively be the business owner or entity operating the hotel when the crime was committed or the subsequent purchaser, depending on the terms of the sale.

Contrary to the State's claim, evidence of the subsequent sale of the hotel is relevant to determining whether Super 8 is a directly injured victim because the agreement could have assigned the claim for restitution or otherwise accounted in the purchase price for the damage caused by Hawking. However, the State failed to present any evidence concerning the terms of the sale and, therefore, failed to establish that Super 8 suffered economic loss as a result of Hawking's criminal conduct.

During the preliminary hearing, Ms. Fitzpatrick testified that the hotel did not submit an insurance claim for the damage and did not plan to submit an insurance claim moving forward. When Hawking questioned Ms. Fitzpatrick if any third party paid for any damages, the magistrate court sustained a relevance objection because restitution was not an issue at the preliminary hearing. Then, at the restitution hearing, Ms. Fitzpatrick's testimony only addressed the time frame after the hotel's ownership had changed. She was not the hotel's general manager when Hawking stayed with her cats. She became the manager in October 2018, months after the incident occurred.

6

Ms. Ryan's testimony at the restitution hearing was also limited to the time frame after the ownership change. She testified that, to her knowledge, the cost of the items she provided to the county's restitution coordinator represented the replacement or equivalent value of the items that were replaced in the room. Ms. Ryan testified regarding the hotel's practice of ordering in bulk for the best prices, but she was not responsible for ordering the items because they were ordered before her employment started.

The State neglected to call key witnesses who could testify about the hotel's sale and how the buyer and seller allocated, if at all, the economic loss attributed to Hawking's criminal conduct. It did not call the hotel's former or new owner to testify. It did not call the hotel manager employed during the July incident. The two managers called to testify could only provide after-the-fact information regarding the incident and almost no information about the hotel's sale. In short, none of the State's witnesses provided specific details about the hotel's sale that would support the claim that Super 8 had suffered economic loss as a result of Hawking's criminal conduct.

For example, the State's primary witness, Ms. Fitzpatrick, testified that she did not know about "anything that went on during [the] sale process" and did not know if the new owner failed to inspect the property or walk through it before purchasing the hotel. She did not know if the "compensation for [the damaged] room was accounted for in the sale price[.]" However, she alluded to problems during the sale following room complaints from renters. She testified that she did not know how the former owner "piecemealed" the room to get through the sale. It is unclear whether the new owner paid less for the property and the former owner retained the claim for restitution or whether the new owner paid a non-discounted price and acquired the restitution claim. There was no evidence concerning the assignment of the restitution claim. The testimony regarding the purchase and sale contract could impact whether the former or new owner of Super 8 may be entitled to assert the restitution claim.

Although not directly on point, in *Loera*, this Court addressed the sufficiency of the evidence required to establish causation in connection with a restitution award. 167 Idaho at 539–40, 473 P.3d at 808–09. We held that written billing summaries listing only the billing provider, treatment dates, and amounts that the State Insurance Fund paid on behalf of a battery victim were insufficient to support a restitution award. *Id.* Here, like the evidence in *Loera*, the testimony regarding the hotel's sale is insufficient to support a restitution award to the new owner. In fact, the State submitted even less evidence than the evidence presented in *Loera*. Apart from brief

testimony regarding the existence of a real estate contract and exhibits showing the cost of replacing items, there is no evidence in the record to support a finding that the new business owner or entity is the victim of this crime. Section 19-5304(1)(e)(i) requires evidence that the person or entity was victimized as a result of the crime before the sentencing court may enter an order of restitution for a "directly injured victim." The record before us simply does not contain substantial and competent evidence to identify the victim of this crime.

As a secondary issue, the Amended Complaint alleged that Hawking injured or destroyed "the property of Super8 [sic][.]" As a result, the magistrate court listed the crime victim as "SUPER 8" in the Order for Restitution and Judgment. The entity "SUPER 8" was listed without additional information, such as entity description (e.g., LLC, Inc., Co., Corp., or Ltd.), an address, or other identifiers. Without additional information, it is unclear who will be authorized to receive a restitution payment. This confusion may result in a separate civil action if the former owner collects the payment that rightfully belongs to the new owner or vice versa. *See State v. Hill*, 154 Idaho 206, 211, 296 P.3d 412, 417 (Ct. App. 2012) ("One of the purposes of restitution is to obviate the need for victims to incur the cost and inconvenience of a separate civil action in order to gain compensation for their losses.").

Based on the above, we hold that the magistrate court's finding of fact and conclusion of law—that the new owner stepped into the previous owner's shoes and is the appropriate victim for the purposes of restitution—are not supported by substantial and competent evidence in the record.

### IV. CONCLUSION

We reverse the district court's order affirming the magistrate court's restitution award. We remand the case to the district court with instructions to vacate the Order for Restitution and Judgment and remand this matter to the magistrate court for further proceedings consistent with this opinion.

Chief Justice BEVAN and Justices BRODY, MOELLER, and ZAHN CONCUR.